**UNITED STATES of America**

v.

**Tennyson OGBEIDE, a/k/a Eddy Feisel, Appellant.**

**No. 89–3090.**

United States Court of Appeals, District of Columbia Circuit.

Argued April 2, 1990.

Decided Aug. 24, 1990.

**794**

Joseph J. McCarthy (appointed by this court), for appellant.

Mary Ellen Abrecht, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., John R. Fisher, Helen M. Bollwerk, and Judith E. Retchin, Asst. U.S. Attys., were on the brief, for appellee.

Before EDWARDS, RUTH B. GINSBURG, and BUCKLEY, Circuit Judges.

Opinion for the court filed by Circuit Judge BUCKLEY.

BUCKLEY, Circuit Judge:

Tennyson Ogbeide appeals the district court's decision to sentence him to a longer prison term than that specified by the applicable Sentencing Commission Guidelines range for possession of fifteen or more unauthorized credit cards with intent to defraud. In enhancing the guideline sentence, the court stated, first, that the dollar amount of the loss to victims did not fully capture the harmfulness and seriousness of Ogbeide's conduct, and second, that Ogbeide possessed the credit cards in order to facilitate or conceal the commission of another offense. As the court failed to identify the other offense, and as it did not state why it believed the monetary loss did not reflect the seriousness of the crime, we remand for resentencing.

## I. BACKGROUND

In February 1989, Tennyson Ogbeide was arrested in Washington, D.C., for possessing fifteen credit cards issued in other people's names. His unauthorized use of the cards had resulted in a total loss of approximately $5,165. At the time of his arrest, Ogbeide was on probation for a previous credit card offense.

On March 21, Ogbeide pled guilty to one count of possession of fifteen or more unauthorized credit cards with intent to defraud, in violation of 18 U.S.C. § 1029(a)(3) (1988). At the sentencing hearing on May 19, the parties agreed that the punishment specified by the applicable guidelines ranged from four to ten months' imprisonment. This range was based on the guideline for fraud, section 2F1.1, as adjusted for the amount of loss, the fact that the offense involved more than minimal planning, Ogbeide's acceptance of responsibility in pleading guilty, and his criminal history, which included his probation status. *See* United States Sentencing Commission, *Guidelines Manual*, §§ 2F1.1, 3E1.1, 4A1.1 (Nov.1989) ("Guidelines").

At the sentencing proceeding, the government suggested that an upward departure from the guidelines range was appropriate in this case. The government explained that Ogbeide had been on probation at the time of his offense, that the crime was detected early and thus "the loss was nipped in the bud," and that Ogbeide was under indictment in another state for fraudulently applying for a bank account using a false social security number. Transcript of Sentencing Proceeding, May 19, 1989, at 6–7 ("Transcript").

The court then imposed its sentence, explaining as follows:

I am troubled about the fact that [Ogbeide] was on probation at the time that this offense was committed. He is not a first offender.

All right. The court will impose a sentence, as follows:

It is the judgment of the court that the defendant, Tennyson Ogbeide, be, and he is hereby, committed to the custody of the Bureau of Prisons, to be imprisoned for a term of three years.

The court bases this upward departure from the guidelines in assessing this on the fact that the available figure as representing the dollar amount of the loss to victims does not fully capture the harmfulness and the seriousness of the conduct.

Further, the defendant possessed credit cards in order to facilitate or conceal the commission of another offense.

*Id.* at 8–9.

Ogbeide then brought this appeal.

## II. DISCUSSION

A trial court may depart from the sentencing range prescribed by the guidelines if it

finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines....

18 U.S.C. § 3553(b) (1988). When he departs from the guidelines, the trial judge must state in open court at the time of sentencing "the specific reason for the imposition of a sentence different from that" derived from the guidelines. 18 U.S.C. § 3553(c)(2).

■ In reviewing a departure, we first determine whether the factor relied on by the district court for the departure had been adequately considered by the Sentencing Commission in formulating the guidelines. This is a question of statutory interpretation that is subject to plenary review. *See United States v. Burns*, 893 F.2d 1343, 1345 (D.C.Cir.), *cert. granted*, — U.S. ——, 110 S.Ct. 3270, 111 L.Ed.2d 780 (1990); *accord United States v. Hawkins*, 901 F.2d 863, 864 (10th Cir.1990); *United States v. Diaz–Villafane*, 874 F.2d 43, 49 (1st Cir.), *cert. denied*, — U.S. ——, 110 S.Ct. 177, 107 L.Ed.2d 133 (1989). Once we establish that a factor provides a legally permissible basis for departure, we will uphold the trial court's sentence so long as it is reasonable. *See Burns*, 893 F.2d at 1345; *Diaz–Villafane*, 874 F.2d at 49–50. Factual findings made by the court in its departure decision will be set aside only for clear error. *See* 18 U.S.C. § 3742(e); *see also Burns*, 893 F.2d at 1345–46; *Diaz–Villafane*, 874 F.2d at 49. In deciding whether a departure is unreasonable, we are to consider "the reasons for the imposition of the particular sentence, as stated by the district court" at the time of sentencing. 18 U.S.C. § 3742(e)(3)(B).

When the court sentenced Ogbeide, it cited, without any elaboration, two factors listed in the guidelines as possible justifications for departing from the guideline range: first, that the dollar loss did not fully reflect the harmfulness and seriousness of his crime; and second, that Ogbeide possessed the credit cards in order to facilitate or conceal the commission of another offense.

■ To begin with the first factor, in enhancing Ogbeide's sentence, the court pointed to "the fact that the available figure as representing the dollar amount of the loss to victims does not fully capture the harmfulness and the seriousness of the conduct." Transcript at 8. These words are taken almost verbatim from Application Note 9 to the fraud guidelines, section 2F1.1. Note 9, however, does not stop with the assertion that an upward departure may be warranted where the monetary loss fails to reflect the seriousness of the offense. Rather, it proceeds to list a wide range of examples of such circumstances, e.g., "the offense caused physical or psychological harm," the "completion of the offense was prevented, or the offense was interrupted before it caused serious harm," and "the offense endangered national security or military readiness." Guidelines § 2F1.1, Application Notes 9(c), (f), (d). These examples suggest the need for greater specificity than the court has given us.

Here, the trial court did not explain the particular circumstances justifying departure, relying instead on a single reference to the general principle set forth in Note 9. We believe that the requirement, in 18 U.S.C. § 3553(c), that a court state "the specific reason" for departing from the guidelines calls for more than this. It implies that the sentencing court must at least state why the cited factor justified departure; otherwise, a reviewing court will be unable to determine whether the departure was reasonable. We therefore remand for a statement of the court's reasons for finding this ground for departure applicable in this case.

■ The court also justified the enhancement on the ground that "the defendant possessed credit cards in order to facilitate or conceal the commission of another offense." Transcript at 8–9. This was based on section 5K2.9 of the guidelines, which provides that

> [i]f the defendant committed the offense in order to facilitate or conceal the commission of another offense, the court may increase the sentence above the guideline range to reflect the actual seriousness of the defendant's conduct.

Guidelines § 5K2.9 ("Criminal Purpose"). Although the court did not identify "the other offense" the court had in mind, it appears that it was Ogbeide's actual use of the credit cards for fraudulent purposes, as no other offense was suggested. If this was the case, the court relied on a reason for enhancement that is unacceptable on its face.

As the standards for departure of 18 U.S.C. § 3553(b) suggest, section 5K2.9 may be applied only in situations where the guidelines for a particular offense do not adequately take into consideration the facilitation or concealment of another offense. For instance, a sentence for embezzlement, 18 U.S.C. § 641 (1988), might be enhanced if the offense were committed to finance a drug smuggling ring. The problem here, however, is that the offense charged was possession of unauthorized credit cards *with intent to defraud*. As the sentence prescribed by the guidelines for that offense had necessarily taken into consideration the fact that the offense would facilitate the crime of fraud itself, this ground for departure must be rejected. Otherwise, a sentence for possession of credit cards with intent to defraud would always be subject to enhancement under section 5K2.9, because by definition that offense would be committed in order to facilitate the crime of actually fraudulently using or trafficking in unauthorized credit cards.

It is possible that the court may have had some entirely different "other offense" in mind. The government suggests, on appeal, that Ogbeide's offense facilitated the commission of certain crimes other than credit card fraud. This, of course, is mere speculation on the government's part. If, however, the court had in mind an offense other than Ogbeide's future use of the cards in his possession to commit fraud, it will have the opportunity to specify what that offense is on remand.

■ Finally, the government also suggests that there was a third factor supporting the court's enhancement, namely, the fact that the defendant was then on probation for another similar offense. Once again, the government is speculating. While it is true that the court prefaced its imposition of the sentence with the remark that it was "troubled about the fact that [Ogbeide] was on probation" at the time the offense was committed and that he was "not a first offender," those were not among the reasons specifically given by the court for its upward departure. *See* Transcript at 8. Moreover, it is highly unlikely that the court would have claimed such a basis because a defendant's probationary status is taken into account in the criminal history component of the sentencing calculation. *See* Guidelines § 4A1.1(d).

### III. CONCLUSION

The enhanced sentence imposed on Tennyson Ogbeide may not stand because, in the case of the first ground given for departing from the guideline range, the court failed to specify its reasons for finding that the dollar loss resulting from Ogbeide's offense did not adequately reflect its harmfulness and seriousness. We must reject the second reason for enhancement because the factor the court appears to have had in mind as "another offense" is an element of the offense to which Ogbeide pled guilty. Accordingly, we set aside the sentence and remand the case to the district court for resentencing in accordance with this opinion.

*So ordered.*