Opinion for the court filed by Circuit Judge BROWN.
Dissenting opinion filed by Circuit Judge KAVANAUGH.
BROWN, Circuit Judge:
The defendant appeals his eighteen month prison sentence after revocation of supervised release. We vacate the sentence and remand for the district court to explain its reasoning.
I
Appellant pled guilty in 1999 to two counts of distribution of cocaine base, one count of unlawful use of a “communication facility,” see 21 U.S.C. § 843(b), and one count of carrying a firearm during a drug-trafficking offense. Under the terms of his plea agreement, he cooperated extensively with the Bureau of Alcohol, Tobacco, and Firearms (ATF), helping the government to convict an impressive number of drug traffickers. At his eventual sentencing in 2006, the government rewarded his remarkably productive efforts by moving for a downward departure from the Sentencing Guidelines. The district court obliged, sentencing him to time served and five years of supervised release.
After a series of disputes between Appellant and his probation officers, Appellant found himself back before the district court. At bottom, the disputes over supervision arose because Appellant moved out of the District of Columbia but continued to work in this area. His new probation officer might have approved of his occasional trips, but Appellant repeatedly failed to notify his probation officer about his travel plans. In addition, Appellant resisted requests to provide his probation officer with required financial information, proffering only his bank statement when he was asked for detailed accounting. In *190 May 2007, the officer decided to place Appellant on house arrest with electronic monitoring for four months. Appellant refused to accept this sanction; the probation officer responded by transferring the case back to the District of Columbia and filing a Non-Compliance Report. Finally, in August 2007, the District of Columbia probation office asked the sentencing court to revoke Appellant’s supervised release because of these violations.
During two days of hearings, Appellant explained his work, his travel, and his financial situation, and his probation officers testified about his failure to communicate with them. An ATF agent also vouched for the quality of Appellant’s cooperation. At the conclusion of the hearing, the district judge specifically found Appellant had committed several of the violations charged by the probation office. The judge also said any defendant who came back before him for violating his supervised release faced only one question: “how long he’s going to prison for, not whether he’s going,” Hr’g Tr. 298, Nov. 26-27, 2007. The district judge pointed out he had explained this policy to the defendant at the original sentencing. Further, the judge explained Appellant “cannot be supervised, he would not be supervised, he will not be supervised.” Id. Having decided to revoke the release, the district judge told counsel he was “going to consider an upward departure,” recognizing the Sentencing Guidelines recommendation was three to nine months in prison but observing he had discretion to sentence Appellant to five years because of his underlying convictions. Id. at 298-99. The probation office requested the full five-year sentence, while the government recommended twelve months; but Appellant’s counsel argued for a lenient sentence for violations even the government deemed relatively minor. In the end, the district judge sentenced Appellant to eighteen months’ incarceration, giving no further explanation of his reasons.
Appellant challenges this sentence as unreasonable, both substantively (because eighteen months is too much for what he claims were minor violations) and procedurally (because the district judge failed to state reasons for the sentence). Appellant also appeals the decision to revoke his supervised release because he claims the judge applied a uniform policy rather than considering his individual circumstances. We reject that challenge, but we cannot assess whether the eighteen-month sentence is unreasonable in the absence of any explanation. Accordingly, we vacate the sentence and remand the case to the district court.
II
A
Discretion over sentencing lies entirely with district courts, and we may only review a court’s decision for abuse of discretion if it is proeedurally sound. Gall v. United States, — U.S. -, 128 S.Ct. 586, 597-98, 169 L.Ed.2d 445 (2007); see also United States v. Bolds, 511 F.3d 568, 578 (6th Cir.2007) (applying Gall to a revocation of supervised release). This allocation of responsibility arises from the Sentencing Act, which continues, even after United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), to restrict our jurisdiction over sentencing appeals to such matters as sentences imposed “in violation of law.” 18 U.S.C. § 3742(a)(1); United States v. Dorcely, 454 F.3d 366, 373 (D.C.Cir.2006) (interpreting § 3742(a)(1) to allow review for reasonableness). “Practical considerations also underlie this legal principle.” Gall, 128 S.Ct. at 597. “[District courts have an institutional advantage over appellate courts in making these sorts of determina *191 tions,” since they see many more sentencing cases. Id. at 598. And a sentencing judge will generally have greater familiarity “with the individual case and the individual defendant before him,” due partly to its direct involvement with testimony. Id. at 597.
Given the broad substantive discretion afforded to district courts in sentencing, there are concomitant procedural requirements they must follow. These requirements serve two primary purposes: they develop an adequate record so that appellate courts can perform substantive review, and they guarantee that sentencing judges continue “to consider every convicted person as an individual,” Gall, 128 S.Ct. at 598. Both the Sentencing Act and the relevant precedent spell out what a district judge must do. The judge “should begin all sentencing proceedings by correctly calculating the applicable Guidelines range.” Id. at 596. Next, after hearing argument from the parties, the judge should consider “all of the § 3553(a) factors to determine whether they support the sentence requested by a party,” and “make an individualized assessment based on the facts presented.” Gall, 128 S.Ct. at 596-97; see also 18 U.S.C. § 3553(a); § 3583(e)(3) (citing particular § 3553(a) factors as relevant for a decision to revoke supervised release). If the court decides to impose a sentence outside the Guidelines, it “must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.” Gall, 128 S.Ct. at 597. In particular, “a major departure should be supported by a more significant justification than a minor one.” Id. Finally, the judge “must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing.” Id. The degree of explanation required depends on the circumstances. At a minimum, a sentencing judge must “state in open court the reasons for [his] imposition of the particular sentence.” 18 U.S.C. § 3553(c). If the sentence departs from the relevant guideline or policy statement, the reasons “must also be stated with specificity in the written order of judgment and commitment.” § 3553(c)(2).
Enforcing these procedural requirements is a major component of abuse of discretion review. See Gall, 128 S.Ct. at 597. Before even considering the substantive aspects of a sentence, we “must first ensure that the district court committed no significant procedural error, such as ... failing to adequately explain the chosen sentence.” Id. Although a district judge need not consider every § 3553(a) factor in every case, and we generally presume the judge “knew and applied the law correctly,” United States v. Godines, 433 F.3d 68, 70 (D.C.Cir.2006) (per curiam), certain minimal requirements are indispensable. When a district judge fails to provide a statement of reasons, as § 3553(c) requires, the sentence is imposed in violation of law. See United States v. Perkins, 963 F.2d 1523, 1526-27 (D.C.Cir.1992) (citing 18 U.S.C. § 3742(f)(1)); see also United States v. Williams, 438 F.3d 1272, 1274 (11th Cir.2006) (per curiam) (without a statement, “the sentence is imposed in violation of law ” (emphasis in original)). If a sentence falls under § 3553(c)(2), a written statement must accompany the judgment, and it must “at least state why [a] cited factor justified departure” from the guidelines. United States v. Ogbeide, 911 F.2d 793, 795 (D.C.Cir.1990).
B
Appellant did not object to the district judge’s failure to explain his reasons either orally or in writing; nor did he object to the district court’s application of *192 a one-strike policy for revoking supervised release. We therefore review the sentence for plain error. See United States v. Dozier, 162 F.3d 120, 125-26 (D.C.Cir.1998).
The district judge apparently decided to revoke Appellant’s supervised release because that was his standard policy. Such a policy seems inconsistent with a district judge’s responsibility to decide each defendant’s sentence based on his individual circumstances, considering the factors the Sentencing Act prescribes as relevant. See 18 U.S.C. § 3583(e)(8) (a court may “revoke a term of supervised release” after considering certain of the factors in § 3553(a)); id. § 3553(a) (listing factors); cf. Gall, 128 S.Ct. at 596-97 (a district court “may not presume that the Guidelines range is reasonable”). Nevertheless, this error was not prejudicial, because the judge also specifically found Appellant had committed several violations of his release conditions and explained he thought the defendant incapable of supervision. The judge further said he doubted he had excused such serious violations before. Since revocation was certainly within the contemplation of the Guidelines, this alternative reasoning was not clearly insufficient. Cf. Rita v. United States, — U.S. -, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007) (“Circumstances may well make clear that the judge rests his decision upon the Commission’s own reasoning that the Guidelines sentence is a proper sentence ... in the typical case, and that the judge has found that the case before him is typical.”)
On the other hand, the judge imposed an eighteen-month sentence without providing any explanation at all. The government parses the terse statements of the sentencing judge to find some explanation for Appellant’s sentence. The government suggests what little the judge said is enough for this court to review the sentence and contends the complete absence of a written statement is not prejudicial. However, the writing requirement is not a mere formality. The requirements that a sentencing judge provide a specific reason for a departure and that he commit that reason to writing work together to ensure a sentence is well-considered. Besides, the district judge mentioned his conclusion that Appellant cannot be supervised only in reference to his decision to revoke his release. The judge gave no explanation at all for choosing a sentence of eighteen months, twice the Guidelines maximum for this defendant and greater than the maxi-ma for Class C violators with much more serious criminal histories. U.S. SentenCing Guidelines Manual § 7B1.4(a) (2007). The government justifies the eighteen months by citing Application Note 4, which suggests an upward departure may be warranted “[wjhere the original sentence was the result of a downward departure.” Id. § 7B1.4 cmt. n. 4. But this argument is post hoc, and the judge said no such thing. Nor does the government’s argument provide any justification for the particular “degree of the variance,” Gall, 128 S.Ct. at 597. So far as we can tell, the district judge’s choice of eighteen months was arbitrary.
In making this observation, we are compelled by the Sentencing Act, under which the Guidelines are still relevant. The fact that eighteen months is twice the Guidelines maximum matters because § 3553(c)(2) requires not just a statement of reasons, and not just a written statement of reasons, but a statement explaining the reason for a departure from a guideline or policy statement “with specificity.” See Rita, 127 S.Ct. at 2468-69 (noting the run-of-the-mill statement of reasons would not suffice for a departure); id. at 2483 (Scalia, J., dissenting) (noting § 3553(c)(2) still applies after Booker); Gall, 128 S.Ct. at 597 (finding it “uncontr *193 oversial” that greater departures need more detailed explanations).
We join the Second Circuit in holding that the failure to provide a statement of reasons as required by § 3553(c) is plain error, “even when the length of the resulting sentence would otherwise be reasonable.” United States v. Hirliman, 503 F.3d 212, 215 (2d Cir.2007). The error itself is obvious enough. And “the required showing of prejudice should be slightly less exacting [for sentencing] than it is in the context of trial errors.” United States v. Saro, 24 F.3d 283, 287 (D.C.Cir.1994). The absence of a statement of reasons is prejudicial in itself because it precludes appellate review of the substantive reasonableness of the sentence, United States v. Lewis, 424 F.3d 239, 247 (2d Cir.2005), thus “seriously affect[ing] the fairness, integrity, or public reputation of judicial proceedings,” United States v. Williams, 488 F.3d 1004, 1008 (D.C.Cir.2007). A district judge “must adequately explain the chosen sentence ... to promote the perception of fair sentencing.” Gall, 128 S.Ct. at 597. It is important not only for the defendant but also for “the public to learn why the defendant received a particular sentence.” Lewis, 424 F.3d at 247. Arbitrary decisionmaking undermines “understanding of, trust in, and respect for the court and its proceedings.” Id. We assume Appellant’s sentence of eighteen months was not randomly selected, but the absence of any explanation makes it seem so. Thus, a failure to comply with § 3553(c) causes grave institutional harm, as well as simultaneously depriving the defendant of the benefit of our review. This failure is therefore plain error.
Ill
Without a statement of reasons, we are “unable to determine” whether Appellant’s sentence is reasonable. Ogbeide, 911 F.2d at 795. Accordingly, we must vacate the sentence and remand for resentencing in accordance with this opinion.

So ordered.