**UNITED STATES of America, Appellee**

v.

**Rodger ARNTT, Jr., Appellant.**

**No. 07–3022.**

United States Court of Appeals, District of Columbia Circuit.

Feb. 6, 2009.

Roy Wallace McLeese, III, Assistant U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Appellee.

A.J. Kramer, Federal Public Defender, Washington, DC, for Appellant.

Before: SENTELLE, Chief Judge, and GINSBURG and BROWN, Circuit Judges.

### JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral argument of the parties. It is

**ORDERED** and **ADJUDGED** that the district court's order excluding evidence under Rule 704(b) of the Federal Rules of Evidence, its imposition of a within-Guidelines sentence, and the jury's verdict of guilty be affirmed.

■ We review the district court's decision to exclude expert testimony for abuse of discretion. *See, e.g., United States v. Safavian,* 528 F.3d 957, 966 (D.C.Cir.2008). Arntt sought to admit expert testimony describing his traumatic personal history, and its psychological consequences, and concluding he did not form the intent to engage in sexual conduct with a child. Expert testimony about a defendant's mental condition may be admissible to negate specific intent. *United States v. Childress,* 58 F.3d 693, 727–28 (D.C.Cir.1995). To comport with Rule 704(b), however, the expert must limit the testimony to "diagnoses, the facts upon which those diagnoses are based, and the characteristics of any mental diseases or defect the expert[ ] believe[s] the defendant possessed during the relevant time period" and may not "directly or indirectly opin[e] on the [ultimate] issue of specific intent." *Id.* at 728; FED. R.EVID. 704(b). The district court must evaluate whether the testimony has a sufficient scientific basis and whether it would help the jury. *Childress,* 58 F.3d at 728 (citing *United States v. Brawner,* 471 F.2d 969, 1002 (D.C.Cir.1972)). To answer the helpfulness inquiry, the court should focus on "the proffered link or relationship between the specific psychiatric evidence offered and the *mens rea* at issue in the case." *Id.* at 730. In this case, Arntt's expert could have testified about Arntt's background and psychological condition, but could not have testified Arntt did not intend to have sex with a minor. The district court did not abuse its discretion when it concluded there was not a sufficient link between the proffered testimony and the charged mens rea.

■ Arntt argues the government made improper and inflammatory remarks during closing arguments. Because Arntt failed to timely object to the comments, we review the propriety of his conviction in light of them for plain error. *See United States v. Reed,* 522 F.3d 354, 360 (D.C.Cir. 2008). Under this standard, a defendant must show (1) the government's remarks constituted error, (2) the error was plain and (3) and the error affected substantial rights. *Id.* Arntt fails on the first prong because the government's remarks were, in fact, proper. The government had the burden of proving Arntt crossed state lines with the intent to have sex with a minor. The comments at issue merely highlighted that Arntt did not have any other purpose for coming into the District of Columbia.

■ The district court imposed a sentence within the properly calculated Guidelines range. We review sentences for abuse of discretion. *In re Sealed Case,* 527 F.3d 188, 190 (D.C.Cir.2008) (citing *Gall v. United States,* 552 U.S. 38, 128 S.Ct. 586, 597–98, 169 L.Ed.2d 445 (2007)). None occurred here. The district court sentenced Arntt at the high end of the applicable range and imposed special conditions on his supervised release. Neither Arntt's prison term nor the terms of his supervision are substantively unreasonable. One condition of Arntt's supervised release, however, appears slightly vague. As part of his supervision, the court re-

8

stricted Arntt from having direct or indirect contact with any person under the age of eighteen years old, with the exception of his own children. The district court did not specify whether this restriction applied only to unsupervised contact or to all contact. We note Arntt may seek clarification from his probation officer or file a motion pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure before the district court. Fed.R.Crim.P. 32.1.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing or petition for hearing en banc. *See* Fed. R.App. P. 41(b); D.C. Cir. Rule 41.