BROWN, Circuit Judge,
concurring in part and dissenting in part:
I agree appellant has not presented any colorable claim that his counsel at trial or at sentencing was unconstitutionally ineffective. I also agree unpreserved challenges to his supervised release conditions should be reviewed under -a plain error standard. I disagree, however, with the result of this decision and would affirm the district court’s sentence in all respects. My disagreement operates at two levels. First, I do not believe appellant identified any errors so obvious that they satisfy the demanding plain error standard. Second, the plain error the court identifies is chimerical: at the same time substantive and procedural. This oddity, I believe, raises a broader question regarding how this circuit treats procedural sentencing challenges.
Although the principle is familiar, it bears restating that courts rarely grant relief when reviewing for plain error. Such relief is appropriate only in exceptional cases in which the district court has been so egregiously derelict that it causes a miscarriage of justice to hang like a specter over the judicial process. See United States v. Frady, 456 U.S. 152, 163, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); United States v. Atkinson, 297 U.S. 157, 160, 56 S.Ct. 391, 80 L.Ed. 555 (1936). In appellant’s case, it is difficult to characterize the monitoring and logging of his Internet usage as plainly and obviously illegal as a substantive matter. And when such modest conditions are placed on the freedom of a criminal who preyed upon and sexually exploited a child for fun and profit, I see no specter.
In my view, the computer conditions at issue are not akin to the full computer use bans found to be unreasonable in the cases to which the court analogizes. See Maj. Op. at 244. Appellant is not restricted from using a computer or from visiting any Internet site; he is only subject to monitoring. So while the court is correct that the U.S. Sentencing Guidelines suggest limits on computer use only for sex offenders who used computers in their crimes, this suggestion is irrelevant. More helpful is the Guidelines’ suggestion that all sex offenders be subject to “a search, at any time, with or without a warrant ... [of any] computer, or other electronic communication or data storage devices or media ... by any probation officer in the lawful discharge of the officer’s supervision functions.” U.S. Sentencing Guidelines Manual § 5D1.3(d)(7)(C). That suggestion opens a wide avenue for the conditions appellant challenges in this case.
To counter that reasoning, appellant cites no case- — and the court finds none— in which monitoring and logging of a sex offender’s Internet usage was found to be incommensurate with the generally word *248 ed factors referenced in 18 U.S.C. § 3583(d)(1). The court recognizes this, volunteers that a lack of precedent militates against a finding of plain error, and even cites a case of this court holding that issues of first impression present plain error only when they tread upon “a well-established constitutional or legal principle,” United States v. Blackwell, 694 F.2d 1325, 1342 (D.C.Cir.1982). See Maj. Op. at 244. However, the court goes against the grain of precedent by stating that the conditions at issue “are ‘plainly out of sync’ with the factors listed in § 3583(d)(1).” Even putting aside that the conditions can be easily justified on the basis of the statute’s deterrence and public protection factors, the court’s statement is hard to square with its later contention that it is not foreclosing the possibility that the conditions “may be reasonably related to some of the § 3583(d) factors” on remand, Maj. Op. at 245. If the court is not foreclosing reasonableness, it is a fortiori foreclosing plain error.
My opinion up to this point treats appellant’s appeal as a substantive challenge to his release conditions, and the court insists it does the same in its opinion. But by contemplating that the conditions could be rehabilitated on remand with further explanation, the court appears to ascribe procedural plain error to the district court for not connecting the conditions to the relevant statutory factors. See Maj. Op. at 242 (“Not knowing the court’s reasons for imposing these conditions ... we vacate the conditions as plainly out of sync with the relevant factors.”). This wrinkle in the court’s opinion deserves more discussion, first because a proper procedural analysis would still not result in a finding of plain error and, second, because it sheds light on a latent problem in this circuit’s caselaw regarding procedural sentencing appeals.
If viewed as a procedural challenge, appellant’s argument for plain error would be stronger, but ultimately unsuccessful. 18 U.S.C. § 3553 — the portion of the U.S.Code pertaining to the imposition of a sentence — mandates that a court “at the time of sentencing, shall state in open court the reasons of its imposition of the particular sentence.” 18 U.S.C. § 3553(c). This court has held that failure to provide such a statement to support the length of a prison sentence is plain error. See In re Sealed Case, 527 F.3d 188, 193 (D.C.Cir. 2008). But what we have not yet held is that failure to provide reasons for conditions of release is plain error. In fact, we have held the opposite, albeit in a brief dismissal of an equally brief argument. See United States v. Sullivan, 451 F.3d 884, 896 (D.C.Cir.2006) (finding no plain error where appellant proffered a “terse contention” that the district court failed to “substantiate” conditions of supervised release).
There is tension between those two holdings, and it hinges on whether conditions of supervised release are part of the “sentence” that § 3553 requires to be supported by a statement of reasons. It is arguable they are, since the statutory section regulating release conditions authorizes courts to include conditions “as part of the sentence.” 18 U.S.C. § 3583(a). And it seems logical that if courts must explain one deprivation of liberty, they must explain others as well.
But the question is also arguable the other way. The structure of Title 18 indicates sentences and release conditions are separate concepts: it discusses them in separate, non-consecutive sections. Looking specifically at § 3583, it does not contain a requirement that courts explain the imposition of release conditions and it does not reference the explanation requirement in § 3553. When § 3583 does reference *249 § 3553, it only borrows factors to be considered in crafting release conditions, see id. § 3583(c), implying that the omission of a reference to § 3553’s explanation requirement is deliberate.
The point of this opinion is not to resolve this question. The only issue in this case, assuming a procedural challenge, is whether the district court’s failure to explain release conditions was an obvious enough error to constitute plain error. As demonstrated by the foregoing discussion, any procedural error was far from clear. But there will no doubt be a case — perhaps in the near future — in which this court will have to provide clarity.