**UNITED STATES of America, Appellee**

v.

**Kimberly NICELY, Appellant.**

**No. 11–3083.**

United States Court of Appeals,
District of Columbia Circuit.

Nov. 9, 2012.

John Paul Gidez, Assistant U.S., Stratton Christopher Strand, Esquire, Assistant U.S., Elizabeth Trosman, Esquire, Assistant U.S., Ronald C. Machen, Jr., Esquire,

U.S., John Perry Mannarino, Assistant U.S., Roy W. McLeese, Iii, Esquire, Assistant U.S., Bryan Gregory Seeley, U.S. Attorney's Office, Washington, DC, for Appellee.

Neil H. Jaffee, Assistant Federal Public Defender, Lisa Burget Wright, A.J. Kramer, Federal Public Defender, Office of the Federal Public Defender, Washington, DC, for Appellant.

Before: HENDERSON, ROGERS and TATEL, Circuit Judges.

## JUDGMENT

PER CURIAM.

This appeal was presented to the court, and briefed and argued by counsel. The court has accorded the issues full consideration and has determined they do not warrant a published opinion. For the reasons presented in the accompanying memorandum, it is

**ORDERED and ADJUDGED** that the judgment of conviction be affirmed.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. See Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

## MEMORANDUM

Appellant, who pled guilty to wire fraud, 18 U.S.C. § 1343, based on the theft of money from her employer, appeals her sentence on the ground of procedural errors. She contends that at sentencing the district court neither acknowledged that the 30–month sentence was above the Sentencing Guidelines range nor gave specific reasons justifying the six-month variance it imposed. As a consequence, appellant contends the sentencing procedure also deprived her of a meaningful opportunity to address the appropriateness of an upward variance.

This court reviews a district court's sentence for procedural and substantive reasonableness. See Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). Because defense counsel failed to object to the adequacy of the district court's reasoning at sentencing, our review is for plain error, see United States v. Akhigbe, 642 F.3d 1078, 1085–86 (D.C.Cir. 2011); In re Sealed Case, 527 F.3d 188, 191–92 (D.C.Cir.2008), and we find none.

At appellant's sentencing hearing on August 24, 2011, the district court stated that it thought the sentencing range in the presentence report was "appropriate." Sent. Hg. Tr. at 8. The presentence report identified the Guidelines sentencing range as 18 to 24 months; both parties referred to this range in their pre-sentence memoranda in aid of sentencing. Upon hearing from the prosecutor and defense counsel about their views on an appropriate sentence for appellant, inquiring of counsel about matters in aggravation (abuse of trust) and mitigation (asserted gambling addiction), and hearing from the victim's representative and appellant, the district court made a series of findings pursuant to 18 U.S.C. § 3553(a).

In its findings, the district court acknowledged some of appellant's "positive qualities," including her military service and family life. Id. at 18. But it expressed skepticism that appellant had taken what she had done seriously and about appellant's intent to "tak[e] control of [her] life and be[ ] accountable at this time," given her failure to report to pretrial services and to provide relevant corroborative information about her efforts to address her alleged gambling addiction and to inform the probation officer about her federal tax debt. Id. at 18–19. It further found that "whether or not the [G]uidelines provision for abuse of position of trust applies,

it is clear that as the controller of the [Fund for Peace, the victim employer], . . . that they trusted [appellant], and that [she] abused that trust not only by what [she] did, but by failing to disclose [her] prior conviction [for theft and fraudulent appropriation by a fiduciary] to them." *Id.* at 20. Additionally, the district court found that in light of similarities between her current and prior offenses, appellant had not "learn[ed] [her] lesson." *Id.* Based on these individualized findings, the district court explained that a sentence of 30 months was appropriate in order to promote the rule of law, provide just punishment, and to show there needs to be respect for the law and for sentences, observing that appellant had failed to pay restitution as ordered when she committed a similar offense and was not in compliance with probation when she was sentenced. *Id.* The district court announced that appellant was going to prison for 30 months "for all of th[e] reasons that I've stated." *Id.*

" 'Given the broad substantive discretion afforded to district courts in sentencing, there are concomitant procedural requirements they must follow.' " *Akhigbe,* 642 F.3d at 1084 (quoting *Sealed Case,* 527 F.3d at 191). Under the Sentencing Act, if the district court imposes a sentence above the applicable Sentencing Guidelines range, then it must state "the specific reason" at the time of sentencing why the defendant's conduct was more harmful or egregious than the typical case. 18 U.S.C. § 3553(c)(2). *See Akhigbe,* 642 F.3d at 1086; *Sealed Case,* 527 F.3d at 192. This court's precedent reflects the Supreme Court's interpretation of the Sentencing Act's requirements in *Gall,* 552 U.S. at 49–51, 128 S.Ct. 586, and *Rita v. United States,* 551 U.S. 338, 356, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007). Unlike in *Akhigbe,* 642 F.3d at 1086, however, the district court here explained at sentencing "the specific reason[s]" why the § 3553(a)

sentencing factors justified the variance it imposed. The district court's findings were neither too generalized as in *Akhigbe,* 642 F.3d at 1087, nor non-existent as in *Sealed Case,* 527 F.3d at 191, where this court was left to speculate about the district court's reasons for its sentence. Although the district court never explicitly acknowledged that the 30–month sentence represented a variance above the Guidelines range that fact was obvious; the government and the defense explicitly referenced the Guidelines range of 18 to 24 months, which the district court found was "appropriate," in their memoranda in aid of sentencing. And, as the government suggests, "there could not have been any ambiguity" about the district court's above-Guidelines sentence because "the thrust of the district court's comments at sentencing was that appellant's conduct warranted an upward variance." Appellee's Br. at 24. The district court's questions to both counsel and its findings, after considering the information the parties had submitted and hearing their views on an appropriate sentence for appellant, all indicate that it was concerned about appellant's abuse of trust of her employer, her repeated commission of a similar crime while still on probation, and her failures to comply with court ordered requirements or to proffer evidence in mitigation as would indicate that she had taken control of her life.

"Sentencing is a fluid and dynamic process and the court itself may not know until the end whether a variance will be adopted . . . ." *Irizarry v. United States,* 553 U.S. 708, 715, 128 S.Ct. 2198, 171 L.Ed.2d 28 (2008) (internal quotation marks omitted). Appellant's sentencing is illustrative. The district court's inquiries indicate the nature of its concerns and that it was still seeking information from the government and the defense after having considered the pre-sentence submissions. Both sides were afforded a full opportunity

to present their views on the appropriate sentence for appellant before sentence was imposed. The matters of concern and the district court's findings reference "[g]arden variety considerations of culpability, criminal history, likelihood of re-offense, seriousness of the crime, nature of the conduct and so forth [that] should not generally come as a surprise to trial lawyers who have prepared for sentencing." *Id.* at 716, 128 S.Ct. 2198 (internal quotation marks omitted). Neither counsel sought a continuance because of prejudicial surprise, *see id.* at 715–16, 128 S.Ct. 2198, and when the district court inquired, after considering other matters upon announcing its sentence, if there was anything further neither counsel responded affirmatively to indicate the sentence was based, for example, on a factual error. Under the circumstances, the district court did all that was procedurally required, *see id.*, and appellant fails to show "significant procedural error," *Gall,* 552 U.S. at 51, 128 S.Ct. 586, as would entitle her to relief for plain error.