UNITED STATES of America, Appellee

v.

Sean JACKSON, Appellant.

No. 12–3023.

United States Court of Appeals,
District of Columbia Circuit.

Dec. 3, 2012.

Elizabeth Trosman, Esquire, Assistant U.S., U.S. Attorney's Office, Washington, DC, for Appellee.

Tony Axam, Jr., Assistant Federal Public Defender, A.J. Kramer, Federal Public Defender, Office of the Federal Public Defender, Washington, DC, for Appellant.

Before: SENTELLE, Chief Judge, and HENDERSON and GRIFFITH, Circuit Judges.

## JUDGMENT

PER CURIAM.

This case was considered on the record from the United States district court for the District of Columbia and on the briefs filed by counsel. It is

**ORDERED** that the judgment of the district court be affirmed.

Appellant Sean Jackson pleaded guilty to one count of wire fraud in violation of 18 U.S.C. § 1343 after he abused his position as an accountant to transfer $67,320.70 of his employer's funds to a credit card in his wife's name. He was sentenced to eight months' imprisonment followed by 36 months of supervised release with the conditions, inter alia, that he spend the first four months of supervised release in electronically monitored home confinement, that he work regularly at a lawful occupation unless excused by his probation officer

and that he make monthly restitution payments. Jackson began his supervised release in 2009. In July 2010, on the recommendation of the U.S. Probation Office, the district court conducted a hearing to consider revocation of Jackson's supervised release. Almost two years later, after nine more revocation hearings, the court revoked Jackson's supervised release in April 2012 based on repeated violations of his supervised release conditions. The court found Jackson violated the conditions by failing to report to his probation officer, to provide timely and accurate information about his employment search, to make adequate attempts to find verifiable employment and to submit timely restitution payments. Pursuant to 18 U.S.C. § 3583(e)(3), the court sentenced Jackson to nine months' imprisonment followed by 24 months of supervised release (with the same conditions as before). Jackson appeals the length of his new sentence and the condition that he again be subject to monitored home confinement for the first four months of supervised release. His sentence is affirmed for the following reasons.

First, contrary to Jackson's assertion in his opening brief, the record supports the government's position that the district court intended to include monitored home confinement among the conditions of supervised release. See JA 174 ("I'm going to sentence you to nine months in prison, followed by two years of supervised release, *with the same conditions as last time.*") (emphasis added). His remaining arguments on this issue are untimely because they were raised for the first time in his reply brief. See *United States v. Wilson,* 605 F.3d 985, 1035 (D.C.Cir.2010).

Second, the sentence is substantively reasonable and is not the product of a plainly erroneous sentencing procedure. Because the sentence is within the Guide-

lines range, it is presumptively reasonable. *See United States v. Law*, 528 F.3d 888, 902 (D.C.Cir.2008) (adopting presumption of reasonableness for within-Guidelines sentences). Jackson has not explained why this is the exceptional case where the presumption has been rebutted. *See United States v. Gardellini*, 545 F.3d 1089, 1092 (D.C.Cir.2008) ("[A] within-Guidelines sentence will almost never be reversed on appeal as substantively unreasonable."). Next, because Jackson's procedural challenges were not raised below, they are reviewed for plain error. *See In re Sealed Case*, 527 F.3d 188, 191–192 (D.C.Cir. 2008). There was no plain error here. Contrary to Jackson's contentions, before imposing the sentence, the district court considered the effects of the recession and high unemployment rates on Jackson's job search; moreover, Jackson's failure to pay restitution and his inadequate job search were only part of the court's basis for revoking supervised release and imposing the sentence. *See* JA 102, 104, 169–70. Finally, the record does not establish that the district judge "unreasonably" relied on the magistrate judge's report and recommendation (or its findings), as Jackson claims.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41(a)(1).