**UNITED STATES of America, Appellee**

v.

**Roland J. BAILEY, Appellant.**

**No. 11–3111.**

United States Court of Appeals,
District of Columbia Circuit.

Nov. 22, 2013.

Elizabeth Harper Danello, Elizabeth Trosman, Esquire, USAO Appellate Counsel, U.S. Attorney's Office, Washington, DC, for Appellee.

Roland James Bailey, Pine Knot, KY, pro se.

Michael Alan Olshonsky, Law Office of Michael Alan Olshonsky, Washington, DC, Warden (McCreary), United States Penitentiary, Pine Knot, KY, for Appellant.

Before: KAVANAUGH, Circuit Judge, and SENTELLE and RANDOLPH, Senior Circuit Judges.

### JUDGMENT

PER CURIAM.

This appeal from a judgment of the United States District Court for the District of Columbia was presented to the Court and briefed and argued by counsel. The Court has accorded the issues full consideration and has determined they do not warrant a published opinion. *See* D.C.Cir. R. 36(d). It is

**ORDERED AND ADJUDGED** that the judgment of the District Court be affirmed.

Bailey argues that his sentence is substantively unreasonable. But because Bailey's sentence is within the Guidelines range, it is entitled to a presumption of reasonableness on appeal. *See United States v. Law,* 528 F.3d 888, 902 (D.C.Cir. 2008) (adopting presumption of reasonableness for within-Guidelines sentences). Bailey has not persuasively explained why his is the exceptional case where the presumption has been rebutted. *See United States v. Gardellini,* 545 F.3d 1089, 1092 (D.C.Cir.2008) ("[A] within-Guidelines sentence will almost never be reversed on appeal as substantively unreasonable.").

Bailey's procedural challenges to his sentence were not raised in the District Court and are therefore reviewed for plain error. *See In re Sealed Case,* 527 F.3d 188, 191–92 (D.C.Cir.2008). There was no error here, plain or otherwise. Contrary to Bailey's assertions, the District Court did not apply a presumption of reasonableness to Bailey's Guidelines sentence. Before imposing the sentence, the District Court stated that it understood the advisory nature of the Guidelines, Resentencing Tr. at 2; recognized the need for a "case-by-case" analysis, *id.* at 4; and observed that it "could perceive a circumstance where" the career offender provision would be unfair, *id.* The District Court ultimately concluded, however, that the within-Guidelines sentence was appropriate in light of Bailey's significant criminal history and the effects of Bailey's drug dealing on the community. *Id.* at 5–8.

The District Court adequately considered the sentencing factors in 18 U.S.C. § 3553(a) and explained the basis for Bailey's sentence. Among other things, the court noted Bailey's history of recidivism, the failure of previous attempts at probation and parole, and the need to protect the community from Bailey's drug dealing. Sentencing Tr. at 29–31; Resentencing Tr.

at 5–8. *See United States v. Simpson*, 430 F.3d 1177, 1186 (D.C.Cir.2005) (even though district court's explanation did not "specifically refer to *each* factor," it "sound[ed] in the terms of § 3553(a)"). The District Court's full consideration of the § 3553(a) factors shows that Bailey's sentence did not turn on his alleged confession or the judge's experience with the drug trade.

On Bailey's first appeal, we noted that the District Court had not issued a promised order about its review of certain allegedly false grand jury testimony. We remanded to allow the District Court to review the record in the first instance. The District Court then issued a corresponding order. In relevant part, the order stated: "the Court has confirmed the government's earlier representation that no false testimony was presented to the grand jury...." The court's order addressed the question we remanded, namely, "whether Detective Manley's testimony was false and if so, whether it had a spillover effect on the grand jury's determinations." *United States v. Bailey*, 622 F.3d 1, 12 (D.C.Cir.2010).

Bailey also now argues that a second police officer, Officer Franchak, provided false testimony to the grand jury. Any error by the District Court in declining to address that issue would be harmless, for two reasons. First, the supposed misstatements cited by Bailey are immaterial. Second, the jury's decision to convict Bailey necessarily established that probable cause to arrest and indict Bailey did exist. *See United States v. Mechanik*, 475 U.S. 66, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.