**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 10a0543n.06

**No. 08-4402**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**Aug 24, 2010**

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,

    **Plaintiff-Appellee,**

v.

**STEPHEN ALLAN PRITCHARD,**

    **Defendant-Appellant.**

                             /

**ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO**

**OPINION**

---

**BEFORE:**    **KEITH, CLAY, and GRIFFIN, Circuit Judges.**

    **CLAY, Circuit Judge.** Defendant, Stephen Allan Pritchard, appeals from an order imposing a sentence of fifty months' incarceration. Defendant pled guilty and was convicted of one count of knowingly traveling in interstate commerce for the purpose of engaging in illicit sexual conduct with another person, as defined in 18 U.S.C. § 2423(f), in violation of 18 U.S.C. § 2423(b). In this appeal, Defendant raises a claim of ineffective assistance of counsel, an evidentiary claim related to the sentencing hearing, and several claims regarding the procedural and substantive reasonableness of the sentence imposed. For the reasons set forth below, we **VACATE** the sentence on procedural reasonableness grounds, **REMAND** for re-sentencing, **AFFIRM** the district court's evidentiary ruling, and **DEFER** the ineffective assistance of counsel claim for collateral review so that a more complete record can be generated.

**BACKGROUND**

Defendant corresponded in an internet chat room with undercover FBI agents posing as a mother, "Lorie," and her fourteen-year-old daughter, "Kayla." He arranged to travel from his home in Indiana to Ohio to meet the pair and to engage in a sexual encounter with both of them. Defendant decided to cancel the first meeting he arranged the day before it was to occur because of his concerns about whether he would be willing to actually participate in the encounter. Defendant then decided to meet "Lorie" and "Kayla" in a restaurant parking lot and have dinner with them, supposedly to become more comfortable with the situation before committing. Defendant called on March 7, 2008, arranged a meeting, and drove to the location where he thought he would be meeting the two females. He was taken into custody by FBI agents upon his arrival at the restaurant parking lot in Massillon, Ohio.

Defendant was charged in an April 9, 2008 indictment for the sole count of knowingly traveling in interstate commerce for the purpose of engaging in illicit sexual conduct with another person, as defined in 18 U.S.C. § 2423(f), in violation of 18 U.S.C. § 2423(b). Defendant entered a plea of not guilty on April 21, 2008, and then entered a plea of guilty in a May 6, 2008 change of plea hearing.

On September 3, 2008, Defendant filed a sentencing memorandum that included a request for leave to file a psychological report under seal. The report, prepared by James Orlando, Ph.D., was not included as an attachment, allegedly because the clerk of the court would not allow it to be filed under seal without a prior ruling by the court. At the sentencing hearing on September 10, 2008, the district court had not ruled on Defendant's request for leave and stated that it had not seen

No. 08-4402
*United States v. Pritchard*

Dr. Orlando's report. Defendant was given the option of either admitting the report or having Dr. Orlando testify. Defense counsel chose to have the psychologist testify and use the report to refresh his recollections as necessary in lieu of having the report admitted.

Dr. Orlando testified at the sentencing hearing to several findings he made based on a four-hour session with Defendant. First, Dr. Orlando administered two common psychological tests used in diagnosing personality disorders – the Minnesota Multiphasic Personality Inventory and the Millon Clinical Multiaxial Inventory. From those tests and his session with Defendant, Dr. Orlando concluded that Defendant had a very low risk of recidivism and was not suffering from pedophilia.[1] Instead, Dr. Orlando described the particular sexual paraphilia[2] that Defendant has as supposedly being sexually interested in the mother-daughter relationship, not about being sexually interested in a young or prepubescent daughter. Dr. Orlando further testified, upon questioning from the court, that Defendant allegedly showed he was concerned about the young age of the daughter by cancelling

---

[1]Dr. Orlando did not testify, and was not questioned, as to the definition of pedophilia. According to the accepted definition in psychiatry and psychology, pedophilia is characterized by either intense sexually arousing fantasies, urges, or behaviors involving "sexual activity with a prepubescent child (generally age 13 years or younger)." DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, Text Revision, at 571 (4th ed. 2000). To be considered for this diagnosis, the "individual with Pedophilia must be at least 16 years or older and at least 5 years older than the child." *Id.*

[2]Again, Dr. Orlando did not testify to the definition of paraphilia. However, we take judicial notice that paraphilia is the general term in psychology and psychiatry for abnormal sexual preferences. "The essential features of a Paraphilia are recurrent, intense sexually arousing fantastic, sexual urges, or behaviors generally involving 1) nonhuman objects, 2) the suffering or humiliation of oneself or one's partner, or 3) children or other nonconsenting persons that occur over a period of at least 6 months." DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, Text Revision, at 566 (4th ed. 2000).

3

the first meeting, which Dr. Orlando thought further bolstered the conclusion that Defendant would

be unlikely to re-offend. Dr. Orlando concluded that Defendant had a 6-7% chance of re-offending

in the next five to fifteen years, which he thought was quite low. According to Dr. Orlando,

Defendant would also be amenable to psychological treatment. Defense counsel, counsel for the

government, and the sentencing judge questioned Dr. Orlando at length during the sentencing

hearing. However, the district court made no findings of fact regarding Dr. Orlando's testimony on

the record.

The government also introduced evidence that Defendant had admitted previous sexual

conduct with children to a probation officer and in an instant messaging conversation. Defendant

disputed the characterization of the instant messaging conversation in which he had claimed to have

had sex with an eleven-year-old because he alleged that he was also eleven at the time. The

transcript of the conversation did not include his allegation that he told the other person that he was

also eleven at the time, and the government argued that it was only told of this additional information

after the change of plea hearing. Defendant was unable to retrieve a transcript of the instant

messaging conversation from his computer that he alleged would have shown that when he boasted

of having an encounter with the eleven-year-old, he also noted that he was eleven at the time.

The district court imposed a sentence of fifty months and concluded the sentencing hearing

with the following explanation of the sentence:

> THE COURT: In this case, I have set the offense level at 23, and the criminal
> history category at 1. I also considered the nature -- Section 3553(a) factors.
> First among those, I consider the nature and the circumstances of the offense.
> This did involve the Defendant's attempt to solicit sex with a prepubescent minor
> through an Internet chat room. Conversations associated with that took place over

a large number of dates, took place over a relatively significant period of time, also involved descriptions and solicitations that, you know, were completely offensive.

And so I find the nature and the circumstances of the offense suggest a sentence in the Guidelines, perhaps higher in the Guideline range.

I also consider your own history and characteristics. Especially work to your benefit, you've had a stable life, and you've had a higher level of education, but perhaps most important, you don't have prior criminal record. Somewhat ameliorating this is the -- some suggestion in the -- the e-mails yourself that you did engage in this conduct before. That's been denied, and it's not a principal factor, but I think both of those also give some cause for concern to the Court in terms of where to place you within the sentencing ranges.

I also consider the need for the sentence to reflect just punishment, afford adequate deterrence, protect the public, and reflect the seriousness of the offense. This conduct involved potential victimization of somebody that's 14 years old. There's -- there was testimony and kind of intimation that that should be significantly different than a prepubescent minor. But, I'd find it difficult to make that distinction. To engage in this conduct with a 14-year-old I think reeks as much or near as much as to that victim as a younger child. So I think there is a need to protect the public from this type of conduct and to reflect the seriousness of the conduct.

I also consider the types of sentences available. Probation's not available. The Guideline range is 46 to 57 months, together with supervised release following. There's no issue of sentencing disparities. No issue of restitution.

So it's going to be the conclusion of the Court that you be sentenced to a sentence within the Guideline range somewhat above the lower end of it. What I'm going to do is sentence you to a term of incarceration of 50 months, which is somewhat above the lower end. I pick that, mostly because of the nature of the offense itself. And I reduce it somewhat from what it would have been to reflect the fact that you have had no prior criminal conduct.

(Dist. Ct. Doc. No. 47, Sen. Tr. 45-47). Defense counsel made no objections to the sentence after it was imposed, only asking for the court to recommend a particular location for imprisonment. This timely appeal followed.

5

## DISCUSSION

**I.      Standard of Review**

Ineffective assistance of counsel claims raised in a direct appeal are typically deferred to collateral review unless the constitutional infirmity is apparent on the record below. *Massaro v. United States*, 538 U.S. 500, 504-06 (2003); *United States v. Hill*, 30 F.3d 48, 51 (6th Cir. 1994). "Where the record is not adequately developed, the usual course is to defer consideration of the claim to post conviction proceedings under 28 U.S.C. § 2255." *United States v. Watkins*, 509 F.3d 277, 283 (6th Cir. 2007) (citing *United States v. Gardner*, 417 F.3d 541, 545 (6th Cir. 2005)).

This Court reviews a district court order to exclude or admit evidence for an abuse of discretion. *United States v. Young*, 533 F.3d 453, 460 (6th Cir. 2008). An abuse of discretion occurs when "the lower court relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard." *United States v. Heavrin*, 330 F.3d 723, 727 (6th Cir. 2003) (quoting *United States v. True,* 250 F.3d 410, 422 n.9 (6th Cir. 2001)).

Procedural objections must be explicitly raised in the district court in order to preserve them for reasonableness review under an abuse-of-discretion standard, and if they are not properly preserved then the sentence is reviewed for plain error. *United States v. Vonner*, 516 F.3d 382, 390-91 (6th Cir. 2008) (en banc). Defendant did not make any objections to the sentence once imposed, thus, this Court reviews for plain error. Plain error review "[requires] that the error affect the defendant's substantial rights[, which] 'usually means that the error must have affected the outcome of the district court proceedings.'" *United States v. McFalls*, 592 F.3d 707, 711-12 (6th Cir. 2010) (quoting *United States v. Cotton*, 535 U.S. 625, 632 (2002)); *see also United States v. Davis*, 397

6

F.3d 340, 346 (6th Cir. 2005). To find a plain error, this Court must find "(1) error (2) that was obvious or clear, (3) that affected defendant's substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *Vonner,* 516 F.3d at 386 (internal quotations omitted).

This Court reviews sentences for substantive reasonableness using the abuse of discretion standard. There is a presumption of reasonableness for a within Guidelines sentence in this Circuit, but there is no corresponding "presumption against a sentence that falls outside of this range." *United States v. Herrera-Zuniga*, 571 F.3d 568, 590 (6th Cir. 2009). Accordingly, "while the extent of the difference between a particular sentence and the recommended Guidelines range is surely relevant, courts of appeals must review all sentences – whether inside, just outside, or significantly outside the Guidelines range – under a deferential abuse-of-discretion standard." *Id.* at 590-91 (quoting *Gall v. United States,* 552 U.S. 38, 41 (2007)).

## II.    Analysis

### A.    Ineffective Assistance of Counsel

"In order to establish ineffective assistance of counsel, a defendant must demonstrate that 'counsel's representation fell below an objective standard of reasonableness,' and that 'the deficient performance prejudiced [his] defense.'" *Johnson v. Sherry,* 586 F.3d 439, 445 (6th Cir. 2009) (quoting *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)).

Defendant's claim of ineffective assistance of counsel is based on his counsel's alleged deficiency in failing to have the psychological report admitted into evidence. First, Defendant argues that counsel filed the sentencing memorandum late, which left inadequate time for the district court

to rule on the motion. Second, Defendant also argues that it was deficient to seek to file the psychological report under seal rather than simply admitting it as an attachment to the sentencing memorandum. However, since the report is not in the record, it is not possible for this Court to review whether counsel's efforts were deficient or prejudicial. Defendant argues that the report would have offered "detailed information that could have greatly assisted the District Court's understanding of [Defendant's] situation." (Appellant's Br. at 21). But without the report, these allegations are without support, and the report would only be available as part of the record in a collateral attack as it was not admitted below. We, therefore, defer the issue of ineffective assistance of counsel to collateral review because the record is not complete without the psychological report at issue.

### B. Admission of Psychological Evidence

Defendant argues that the district court should have admitted the report alongside Dr. Orlando's testimony, rather than asking counsel to choose one or the other form of evidence. Defendant has pointed to no authority, and this Court has found none, suggesting that it is an abuse of discretion to allow expert testimony without also admitting the expert report. Dr. Orlando's testimony was lengthy and covered the topics that Defendant argues would have been discussed in the report: Defendant's "psychological state, risk of re-offending, and amenability for treatment." (Appellant's Br. at 22.) Additionally, Dr. Orlando had his report on the stand with him in order to refresh his recollection if needed and was therefore able to testify to the entire content of the report if defense counsel elicited such testimony.

We should note that admitting both the report and the testimony would have been the better practice for the district court, given the importance of this psychological evidence to Defendant's primary arguments for a lower sentence. However, it was not an abuse of discretion for the district court to only admit the testimony of Dr. Orlando.

## C. Procedural Reasonableness of Defendant's Sentence

"A district court necessarily abuses its sentencing discretion if it 'commit[s] [a] significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence – including an explanation for any deviation from the Guidelines range.'" *United States v. Bolds,* 511 F.3d 568, 579 (6th Cir. 2007) (quoting *Gall*, 552 U.S. at 51). A sentence is procedurally unreasonable if the district court fails to address a nonfrivolous argument made by the defendant in support of a lower sentence. *United States v. Blackwell*, 459 F.3d 739, 774 (6th Cir. 2006) ("the black letter law of this Circuit requires district courts to consider all factors brought to their attention by a defendant").

Failure to address a nonfrivolous argument is a reversible error even on plain error review. *See United States v. Wallace*, 597 F.3d 794, 802-08 (6th Cir. 2010) (explaining how all four prongs of the plain error analysis are satisfied once the Court has determined that the district court's explanation was insufficient). This Court in *Wallace* extended the analysis of *United States v. Blackie*, 548 F.3d 395 (6th Cir. 2008), which held that failure to explain how a Defendant's nonfrivolous argument for a lower sentence was taken into account in imposing an above-guidelines

sentence, to cover within-guidelines sentences as well. *Wallace*, 597 F.3d at 806-07.[3] Criminal

defendants have a substantial right to meaningful appellate review for reasonableness of their

sentences, which can only be vindicated if the record in the district court clearly reflects the district

judge's consideration of all nonfrivolous arguments. *Id.* Under the logic of *Wallace* and the

guidance from the Supreme Court in *Rita v. United States* that a within-guidelines sentence requires

less detailed explanation, *see* 551 U.S. 338, 356-57 (2007), a plain error for failure to address a

nonfrivolous argument may arise less often in the context of within-guidelines sentences because the

explanation required would be less detailed than for an above-guidelines sentence.[4] However, the

---

[3]Contrary to the dissent's assertion, *Wallace* is fully consistent with *Vonner* and so is binding on this Court as a prior published decision. *See Gor v. Holder*, 607 F.3d 180, 188 (6th Cir. 2010). This Court's opinion in *Wallace* specifically addresses each of the arguments made here in the dissent regarding both *Vonner* and the distinction between the required depth of explanation for a within-guidelines sentence versus an outside-guidelines sentence. *See Wallace*, 597 F.3d at 804-808. Other published decisions of this Court post-*Vonner* also support our view of plain error for failure to explain in this case. *See United States v. Barahona-Montenegro*, 565 F.3d 980, 984 (6th Cir.2009). Even *United States v. Simmons*, 587 F.3d 348 (6th Cir.2009), may be understood to support our view in this case since the reasoning of the majority in *Simmons* relied on the conceptual simplicity of the defendant's argument, whereas here the psychologist's testimony presented a complex argument for how he arrived at the conclusion that Defendant was unlikely to re-offend. *Simmons*, 587 F.3d at 361; *see also Wallace*, 597 F.3d at 810 (McKeague, J. dissenting) ("Considering the simplicity and straightforwardness of Wallace's argument, it is clear that the district court considered it and intentionally rejected it"). We will not relitigate *Wallace* here, despite the dissent's attempt to do so. Only the en banc court or the Supreme Court may overrule this Court's binding precedent in *Wallace*, and until such time as either Court sees fit to do so, this panel is bound by the precedent in *Wallace* and its reasoning regarding plain error review of sentences where defendants argue that the district court failed to explain its reasons for rejecting a nonfrivolous argument for a reduced sentence. *See Gor*, 607 F.3d at 188.

[4]The dissent essentially argues that *Vonner* forecloses finding a plain error for failure to address an argument made by Defendant for a lower sentence when reviewing a within-guidelines sentence. *See* 516 F.3d at 387. However, as both *Vonner* and *Wallace* instruct this Court, the "crucial question is whether the record makes clear that the sentencing judge listened to each

record still must reflect that the district court understood and considered Defendant's nonfrivolous arguments for a lower sentence, even if the explanation is more cursory than extensive. *See Vonner*, 516 F.3d at 387. Therefore, if this Court determines that the district court failed to address a nonfrivolous argument for a lower sentence made by Defendant, we would reverse and remand the sentence.

Defendant alleges two procedural errors. First, he alleges that the district court failed to address the psychologist's testimony supporting Defendant's argument that he was not diagnosed with pedophilia and has a low risk of recidivism. Second, he alleges that the district court presumed that Defendant had engaged in past pedophilic activities without support for that finding in the record. This second error may also be a substantive error, and to the extent that it is such, it will be addressed in the following section. Defendant makes no other procedural challenge in his appeal, and this Court has found no other procedural error in reviewing the record.

The district court did not make any specific mention of the evidence presented in Dr. Orlando's testimony regarding Defendant's likelihood of re-offending. There was some mention of whether Defendant is a pedophile when the district court stated:

> This conduct involved potential victimization of somebody that's 14 years old. There's -- there was testimony and kind of intimation that that should be significantly different than a prepubescent minor. But, I'd find it difficult to make that distinction. To engage in this conduct with a 14-year-old I think reeks as much or near as much as to that victim as a younger child. So I think there is a need to protect the public from this type of conduct and to reflect the seriousness of the conduct.

---

argument, considered the supporting evidence, was fully aware of the defendant's circumstances and took them into account in sentencing him." *Wallace*, 597 F.3d at 804 (quoting *Vonner*, 516 F.3d at 387) (internal quotation marks omitted). Our analysis asks no more of the district court in this case.

(Dist. Ct. Doc. No. 47, Sen. Tr. at 46). However, this explanation does not appear to be addressing the psychologist's testimony concerning Defendant's lack of sexual attraction to minors in particular or Defendant's lower risk of re-offending, but rather discusses whether the fact that the hypothetical victim was fourteen is a less serious offense than if Defendant was to meet a younger child.[5]

The district court made no findings of fact regarding the expert testimony prior to or during his explanation of the sentence imposed. While the district court did engage in questioning of the psychologist, there is no reference in his explanation of the sentence to that testimony and whether the testimony was given weight in crafting Defendant's sentence. Defendant's arguments that he does not suffer from pedophilia, is not specifically attracted to underage daughters, and is unlikely to re-offend are not frivolous arguments. These arguments go to the core of the § 3553(a) factors, especially the history and characteristics of the Defendant. He was entitled to have the district court clearly, even if briefly, explain on the record how his primary argument for a lower sentence affected the district court's decision to impose a within-guidelines sentence of 50 months.

There is no evidence in the record that the district court "listened to each argument, considered the supporting evidence, was fully aware of the defendant's circumstances and took them

---

[5]The dissent apparently finds this cursory mention of testimony about the age of the victim to be an explanation of how the district court weighed Dr. Orlando's testimony. But in no way is it clear from this statement that the court was addressing the expert's full argument that, not only the age of the hypothetical victim, but also the fact that Defendant was not particularly attracted to minors so much as to the mother-daughter relationship, was directly related to a lower likelihood of recidivism. Dr. Orlando testified that Defendant was wary of the daughter's young age and cancelled the first meeting, which further bolstered the conclusion that Defendant was unlikely to re-offend. The district court does not address any aspect of Defendant's primary argument beyond the age of the hypothetical victim.

into account in sentencing him," with regard to Dr. Orlando's testimony. *United States v. Gapinski*, 561 F.3d 467, 474 (6th Cir. 2009) (citing *Vonner*, 516 F.3d at 387; *Rita*, 551 U.S. at 358) (internal quotations omitted). Defendant's primary argument for a lower sentence was Dr. Orlando's finding that he had a low risk of recidivism, which is related to Dr. Orlando's opinion that Defendant does not suffer from pedophilia and that he is attracted to mother-daughter pairs, not specifically to underage victims. The record is devoid of any evidence that the district court understood and responded to the crux of Dr. Orlando's testimony, especially since the questions asked by the court and the explanation offered by the district court both focused on the age of the hypothetical victim as being outside the norm rather than the psychologist's focus on the type of relationship targeted by Defendant as being outside the norm.

Failure to address Defendant's primary argument for a lower sentence, especially the connection between his lack of sexual attraction specifically targeting underage victims to his low risk of recidivism, is a plain error. *See Wallace*, 597 F.3d at 806 ("This failure to even acknowledge Defendant's argument mandates remand in this case."). Though the district court did not need to give a lengthy explanation, it was error for the district judge to fail to address Defendant's recidivism argument when explaining the sentence imposed. Because our case law is clear that the sentencing judge must explicitly address each of Defendant's nonfrivolous claims on the record, the procedural error is a clear error. Defendant has a substantial right to meaningful appellate review that necessitates development of a full record below, which is not available here because of the sentencing judge's failure to address the psychological evidence. *See Blackie*, 548 F.3d at 402 (finding failure to address Defendant's nonfrivolous arguments to implicate a substantial right,

therefore being plain error).  Therefore, the sentence should be vacated and remanded for resentencing due to this procedural error.

Defendant's second argument regarding the district court's alleged presumption that he had committed prior pedophilic acts is unsupported by the record.  The pertinent section of the sentencing judge's comments is as follows:

> Somewhat ameliorating this is the -- some suggestion in the -- the e-mails yourself that you did engage in this conduct before.  That's been denied, and it's not a principal factor, but I think both of those also give some cause for concern to the Court in terms of where to place you within the sentencing ranges.

(Dist. Ct. Doc. No. 47, Sen. Tr. at 46).  These comments refer to the Defendant's alleged statement in an internet chat room that he had a sexual encounter with an eleven-year-old, which he later claimed was when he also was eleven.  It appears from the sentencing judge's comments that it concerned the district court that Defendant had boasted of a sexual encounter and implied it was a pedophilic encounter, and the fact that it supposedly happened when Defendant was eleven did not ameliorate the district court's concern.  There was evidence in the record that the conversation did not include Defendant telling the chat room that he was also eleven at the time, and thus it was reasonable for the district judge to credit the transcript of the conversation more than Defendant's after-the-fact allegation regarding his age.  *See United States v. Gates*, 461 F.3d 703, 708 (6th Cir. 2006) (judicial fact finding for sentencing purposes requires a preponderance of the evidence).  Therefore, the district court did not commit a procedural error regarding Defendant's alleged statements that he had previously engaged in pedophilic activities.

The district court's failure to make any findings regarding the psychologist's testimony, and therefore failure to address Defendant's arguments that he is not a pedophile and is unlikely to re-offend, was a procedural error. It is reasonably likely that had the district court addressed the psychologist's testimony, the result of the sentencing may have been different. Regardless, it is clear that the law of the Circuit requires district judges to respond to all nonfrivolous arguments, implicating Defendant's substantial right to meaningful appellate review. Therefore, it was plain error to fail to do so, especially since the psychologist had testified mere moments before the court began explaining its sentence.

### D.      Substantive Reasonableness of Defendant's Sentence

"A sentence may be considered substantively unreasonable when the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *United States v. Benson,* 591 F.3d 491, 500 (6th Cir. 2010) (quoting *United States v. Collington*, 461 F.3d 805, 808 (6th Cir. 2006)). Defendant argues that the district court failed to consider whether the sentence imposed is greater than necessary to achieve the objectives of the factors set forth in 18 U.S.C. § 3553(a). He also argues that the district court's presumption of past pedophilic activities resulted in the district court either weighing impermissible factors or placing too much weight on one factor.

Because we vacate the sentence on procedural grounds, this Court declines to address Defendant's arguments regarding the substantive reasonableness of his sentence.

**CONCLUSION**

For the reasons set forth above, we **DEFER** the issue of ineffective assistance of counsel to habeas or other collateral review, **AFFIRM** the district court's ruling regarding the admissibility of the expert testimony in lieu of both the report and the testimony, **VACATE** the sentence for failure to address Defendant's argument for a lower sentence, and **REMAND** for re-sentencing.

No. 08-4402
*United States v. Pritchard*

GRIFFIN, Circuit Judge, dissenting.

I join in Sections II. A. and B. of Judge Clay's opinion, but respectfully dissent from the majority's remand for resentencing and holding that "[f]ailure to address a nonfrivolous argument is [] reversible error even on plain error review." The majority relies on *United States v. Wallace*, 597 F.3d 794 (6th Cir. 2010), for the proposition that a sentencing court's failure to address a defendant's nonfrivolous leniency argument constitutes plain error because it clearly violates 18 U.S.C. § 3553(c)(1), affecting the defendant's substantial rights. 597 F.3d at 806-07. However, *Wallace* was wrongly decided, and, because it conflicts with the holding of *United States v. Vonner*, 516 F.3d 382 (6th Cir.) (en banc), *cert. denied*, 129 S. Ct. 68 (2008), it is not precedentially binding. *See Rutherford v. Columbia Gas*, 575 F.3d 616, 619 (6th Cir. 2009) (it is a well-established rule that a panel of this court may not overrule a prior published decision absent en banc review or an intervening and binding change in the state of the law); 6th Cir. R. 206(c).

I would affirm the procedural and substantive reasonableness of defendant Pritchard's sentence and therefore respectfully dissent.

I.

First, the record reveals that the district court adequately considered Pritchard's low-risk-of-recidivism argument and explained its reasons for rejecting it. Accordingly, defendant has not sustained his burden of demonstrating procedural error, let alone plain error.

In *Rita v. United States*, 551 U.S. 338 (2007), the Supreme Court instructed that a "sentencing judge should set forth *enough* to satisfy the appellate court that he has considered the

parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority."
*Id.* at 356 (emphasis added). Since the Supreme Court decided *Rita*, we have held repeatedly that
"'[w]hen a district court adequately explains why it imposed a particular sentence, especially one
within the advisory Guidelines range, we do not further require that it exhaustively explain the
obverse – why an alternative sentence was not selected in every [case].'" *United States v. Simmons*,
587 F.3d 348, 360 (6th Cir. 2009) (quoting *United States v. Gale*, 468 F.3d 929, 940 (6th Cir. 2006)
(citing *United States v. Fernandez*, 443 F.3d 19, 29[] (2d Cir.), *cert. denied*, 549 U.S. 882 (2006)
(applying "a strong presumption that the sentencing judge has considered all arguments properly
presented to her, unless the record clearly suggests otherwise").

Time and again, we have stated that a district court need only articulate its reasoning in a
manner sufficient to allow for meaningful reasonableness review by appellate courts. *See United
States v. Ferguson*, 456 F.3d 660, 665 (6th Cir. 2006); *United States v. Jones*, 445 F.3d 865, 869 (6th
Cir. 2006); *see also Brisssit*, No. 09-4244, 2010 WL 1640934, at *4 (6th Cir. Apr. 23, 2010). Our
review is constrained because "the clear, overriding import of [*Rita,* 551 U.S. at 338, *Kimbrough v.
United States*, 552 U.S. 85 (2007), and *Gall v. United States*, 552 U.S. 38 (2007)] is that appellate
courts must respect the role of district courts and stop substituting their judgment for that of those
courts on the front line." *United States v. Phinazee*, 515 F.3d 511, 521 (6th Cir. 2008).

In the present case, after conducting a lengthy sentencing hearing, considering live testimony
from Pritchard's expert witnesses, and asking several substantive questions of the witnesses, the

district judge sentenced Pritchard to 50 months of imprisonment, squarely within the 46 – 57 month

range[1] recommended by the applicable Guidelines:

> In this case, I have set the offense level at 23, and the criminal history category at 1. I also considered the nature – Section 3553(a) factors. First among those, I consider the *nature and the circumstances of the offense*. This did involve the Defendant's attempt to solicit sex with a prepubescent minor through an Internet chat room. Conversations associated with that took place over a large number of dates, took place over a relatively significant period of time, also involved descriptions and solicitations that, you know, were completely offensive. And so I find the nature and the circumstances of the offense suggest a sentence in the Guidelines, perhaps higher in the Guideline[s] range. I also consider your own *history and characteristics*. Especially work to your benefit, you've had a stable life, and you've had a higher level of education, but perhaps most important, you don't have [a] prior criminal record. Somewhat ameliorating this is the – some suggestion in the – the e-mails yourself that you did engage in this conduct before. That's been denied, and it's not a principal factor, but I think both of those also give some cause for concern to the Court in terms of where to place you within the sentencing ranges. I also consider the need for the sentence to reflect *just punishment, afford adequate deterrence, protect the public, and reflect the seriousness of the offense*.
>
> This conduct involved potential victimization of somebody that's 14 years old. There's – there was testimony and kind of intimation that that should be significantly different than a prepubescent minor. But, I'd find it difficult to make that distinction. To engage in this conduct with a 14-year-old I think reeks as much or near as much as to that victim as a younger child. So I think there is a *need to protect the public* from this type of conduct and to reflect the *seriousness of the conduct*. I also consider the *types of sentences available*. Probation's [sic] not available. The Guideline[s] range is 46 to 57 months, together with supervised release following. There's no issue of *sentencing disparities*. No issue of *restitution*. So it's going to be the conclusion of the Court that you be sentenced to a sentence within the Guideline[s] range somewhat above the lower end of it. What I'm going to do is sentence you to a term of incarceration of 50 months, which is somewhat above the lower end. *I pick that, mostly because of the nature of the offense itself. And I reduce it somewhat from what it would have been to reflect the fact that you have had no prior criminal conduct.* After you're released from incarceration, I'll put you on supervised release for a term of five years.

---

[1]*See* U.S.S.G. ch. 5, pt. A (Sentencing Table) (2007).

No. 08-4402
*United States v. Pritchard*

(Emphasis added; some original paragraph separation removed.)

The district court correctly calculated the Guidelines range, treated the range as advisory, considered the 18 U.S.C. § 3553(a) factors (specifically touching upon six of the seven factors),[2] weighed the expert's testimony, and stated its reasons for imposing a within-the-guidelines sentence. Nevertheless, the majority claims that the district court plainly erred because "[t]here is no evidence in the record" that the district court "'listened to [Pritchard's] argument [and] considered the supporting evidence'" regarding his "low risk of recidivism, which is related to Dr. Orlando's opinion that Defendant does not suffer from pedophilia and that he is not specifically attracted to underage victims." I respectfully disagree.

We need only review the district judge's exchange with the expert witness, Dr. Orlando, to learn that the trial judge listened and considered Pritchard's lower-risk-of-recidivism argument:

[2] **(a) Factors to be considered in imposing a sentence.** -- . . . **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant; **(2)** the need for the sentence imposed -- **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; **(B)** to afford adequate deterrence to criminal conduct; **(C)** to protect the public from further crimes of the defendant; and **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; **(3)** the kinds of sentences available; **(4)** the kinds of sentence and the sentencing range established for [] **(A)** the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . **(5)** any pertinent policy statement [] . . . **(6)** the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and **(7)** the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

20

[Cross-Examination, Expert Witness, James Orlando, Ph.D.] A: In this particular case, all indications are that Mr. Pritchard is likely to have a lower risk of recidivism. Why it is relevant to the question of the age of this particular victim is the following: In sex offending, the greater the norm, the more significant the norm that's broken by a potential or an offender, the higher the likelihood of the chances they're going to reoffend again in the future. So most pedophilias, for example, are sexually powerfully effected to a narrow, usually eight to ten years of age, whether it's girls. And those folks have a very high – it's a greater social norm they're breaking, and they are very powerfully attracted to the physical characteristics of the victim. That is less likely to be amenable in treatment.

In this case, his sexual attraction was not to the physical characteristics of the particular victim. So that would indicate that he has a lower likelihood of recidivism in the future. So I'm not sure if I'm answering your question but what I'm trying to do is show you the methodology of making a determination in this case.

[Michael A. Sullivan, Counsel for the Government] Q: All right. So you said the greater the norm you deviate from, the more likely you are [to recidivate], is that fair; one of the things you look at?

[Expert Witness] A: It's fair that that's one of the characteristics we look at.

[Government] Q: In this case, it was more than just engaging in sex with a mother/daughter that Mr. Pritchard was interested in; is that true? He was interested in giving an enema to the 14-year-old girl and engaging in anal sex with the 14-year-old girl. Wouldn't those be further deviations from the norm than normal sexual activity?

[Expert Witness] A: Those – the sexual interest that he has, those particular sexual interests that he has would not lend that he has a higher likelihood to recidivate again in the future. They are certainly issues to consider in treatment. Are they –

[Government] Q: Wait a minute.

[Expert Witness] A: – practices? Yes. But, are they indicators he's likely to recidivate? No.

[Government] Q: Even if he's willing to engage in those?

THE COURT: How would that be? Wouldn't those be further from the norm?

21

[Expert Witness]  A:  The –

THE COURT:  *Wouldn't that conduct be further from the norm?  I thought your testimony was that the further from the norm, the more difficult it is to treat, the greater the danger of recidivism.*

[Expert Witness]  A:  In terms of the victim, it is, your Honor, but the fact of the matter is that there are many, many people who are engaging in those sexual behaviors in non-illegal ways.  Remember recidivism, I'm looking at the likelihood they're going to be reconvicted for a crime.  In Mr. Pritchard's case, even though those behaviors are striking and when we hear them, we think how atypical it is, the fact of the matter is from a treatment perspective, your Honor, it would be possible for him to maintain those sexual interests and attractions and to have them – engage in them in not illegal behavior.

THE COURT:  Isn't it further from the norm?

[Expert Witness]  A:  *It was further from the norm in terms of the actual sexual activities*, but it's not in – what he did is not further from the norm in terms of the actual victim, the potential victim.  For example, if he was wanting to do this to a three-year-old, that would be more of a concern than a 12-year-old.  If he was wanting to do this to a five-year-old, that would be more, you know, we would look at it in terms of deviation from the norm more so than a 17-year-old.

THE COURT:  I guess wouldn't the test be whether he wants to engage in more normal sexual conduct with a 14-year-old as opposed to this type of conduct with a 14-year-old; isn't the fact that he's talking about this type of conduct suggestive that he's further from the norm?  Isn't a 14-year-old as opposed to a 14-year-old with this type of activity?

[Expert Witness]  A:  I guess the only way I can answer it is that I'm not aware of any literature, nor do I in my clinical experience have any indication that that would indicate a greater likelihood for him to recidivate again in the future. The actual behavior that he wanted to engage in with her is his sexual orientation, and it doesn't – there's no reason to believe that he's going to be more likely to act out against an adolescent or a child again in the future because of that behavior.

(Emphasis added; some original paragraph separation removed.)

A few minutes later, the district judge imposed Pritchard's sentence. Before doing so, he referenced the above-quoted testimony and disagreed with Dr. Orlando's opinion:

> I also consider the need for the sentence to reflect just punishment, afford adequate deterrence, protect the public, and reflect the seriousness of the offense. *This conduct involved potential victimization of somebody that's 14 years old.* **There's – there was testimony and kind of intimation that that should be significantly different than a prepubescent minor. But, I'd find it difficult to make that distinction. To engage in this conduct with a 14-year-old I think reeks as much or near as much as to that victim as a younger child.** So I think there is a need to protect the public from this type of conduct and to reflect the seriousness of the conduct.

(Emphasis added.)

From these statements, it is clear that the district judge rejected Dr. Orlando's opinion that Pritchard's diagnosis as a non-pedophile was an accurate predictor of his lower risk of recidivism. After all, Pritchard plead guilty to violating 18 U.S.C. §§ 2423(b), (f) (2008), "[t]ravel with intent to engage in illicit sexual conduct. . . . with a person under *18* years of age[.]" (emphasis added). Thus, the district court assessed defendant's attraction to persons under the age of majority, specifically, girls fourteen years of age, not "prepubescent minor[s]" only. When confronted with this logic, the majority claims that the sentencing judge "failed to address" Pritchard's ambivalence to "underage" individuals as well. In its efforts, however, the majority overlooks that Dr. Orlando *never* testified that Pritchard was solely attracted to persons over the age of majority; *a fortiori*, his conduct was criminal *because* it involved a potential fourteen-year-old victim.

In this regard, Dr. Orlando testified that Pritchard suffered from "paraphilia[,]" which involves the "'recurrent, intense sexually arousing fantastic, sexual urges, or behaviors generally involving 1) nonhuman objects 2) the suffering or humiliation of oneself or one's partner, or 3)

23

children or other nonconsenting persons.'" Dr. Orlando opined that "[i]n sex offending, the greater

the norm, the more significant the norm that's broken by a potential or an offender, the higher the

likelihood of the chances they're going to reoffend again in the future." It's clear from the record

that the district judge listened to, considered, and understood Dr. Orlando's testimony because he

asked: "isn't the fact that he's talking about ["giving an enema to the 14-year-old girl and engaging

in anal sex with the 14-year-old girl"] suggestive that he's further from the norm? Isn't [it] a

14-year-old as opposed to a 14-year-old with this type of activity?" Thus, contrary to the majority's

position, the district judge assessed Pritchard's lower risk of recidivism by considering *both* the age

range of his potential victims, as well as the kind and degree of his sexual predilections.

The district judge was not required to accept Dr. Orlando's opinion – he was only required

to listen and consider it – which he did. The majority finds procedural error, despite an abundance

of record evidence to the contrary. Under the law, a trial judge is afforded with a presumption that

he listened and considered the evidence before him. *Gale*, 468 F.3d at 941. Here, the record is clear

that he did so.

In *United States v. Madden*, 515 F.3d 601 (6th Cir. 2008), we held that when "[t]he broader

'context and record' of the sentencing hearing provide[s] additional support for the conclusion that

the court adequately considered [a defendant's] mitigating argument[]," the district court's failure

to address a leniency argument during its statement of reasons does not render the defendant's

sentence procedurally unreasonable. *Id.* at 611. In the present case, the transcript from Pritchard's

sentencing hearing *confirms* that the district court considered his leniency argument when fashioning

his within-Guidelines sentence. In my view, the district court said "*enough*" to demonstrate that he

weighed Dr. Orlando's testimony and "ha[d] a reasoned basis for exercising his own legal decisionmaking authority." *See Rita*, 551 U.S. at 356 (emphasis added).

Under the law of this circuit, the district judge adequately performed his sentencing duties. *See Rita,* 551 U.S. at 356; *United States v. Petrus*, 588 F.3d 347, 356 (6th Cir. 2009) ("In sum, although the district court in this case 'might have said more,' *Rita*, 551 U.S. at 359, the law does not require it."); *United States v. Lapsins*, 570 F.3d 758, 773 (6th Cir. 2009) ("Although the district judge did not articulate his reasons for rejecting [the defendant's] arguments, his reasoning was 'sufficiently detailed to reflect the considerations listed in § 3553(a) and to allow for meaningful appellate review.'") (quoting *United States v. Mayberry*, 540 F.3d 506, 518 (6th Cir. 2008)); *Gale*, 468 F.3d at 940. There was no procedural error.

## II.

## A.

Next, assuming arguendo a procedural sentencing error, such an error was not "plain error." The majority relies on *United States v. Wallace*, 597 F.3d 794 (6th Cir. 2010) for the proposition that "failure to address a nonfrivolous argument is a reversible error even on plain error review." However, because *Wallace* is contrary to our holding in *United States v. Vonner*, 516 F.3d 382 (6th Cir. 2008) (en banc), *Wallace* is not precedentially binding. *See Rutherford,* 575 F.3d at 619; 6th Cir. R. 206(c).

In *Vonner*, our en banc court held that when a sentencing court imposes a within-Guidelines sentence, its failure to explain its rejection of a straightforward, nonfrivolous leniency argument does not amount to plain error:

At the sentencing hearing, Vonner asked for a downward variance on four grounds: (1) his "neglect[ed]" and "abus[ive]" childhood; (2) his 14-month presentence confinement; (3) his "assistance to the Government"; and (4) the circumstances surrounding his cocaine sales. The court told Vonner, among other things, that it "appreciate[d] the apology [he] offered this morning," and it "encouraged" him to continue to cooperate with the government and to dedicate his prison time to learning "certain life skills and lifestyles that will be of benefit to [him] when [his] period of incarceration is over." It then said that it had "considered the nature and circumstances of the offense, the history and characteristics of the defendant, and the advisory Guidelines range, as well as the other factors listed in 18 [U.S.C. §] 3553(a)," and imposed a 117-month sentence.

No one would call this explanation ideal. It did not specifically address all of Vonner's arguments for leniency, and it thus failed to ensure that the defendant, the public and, if necessary, the court of appeals understood why the trial court picked the sentence it did. Whether through an oral sentencing decision or a written sentencing memorandum, a trial court would do well to say more – not because it necessarily must on pain of reversal but because a court is more likely to advance the goals of sentencing if it clearly explains to the defendant why the court denied his request for leniency. *See Rita v. United States*, 127 S. Ct. 2456, 2468 (2007) ("[O]ften at sentencing a judge will speak at length to a defendant, and this practice may indeed serve a salutary purpose."). A district court's thorough explanation also "can provide relevant information to both the court of appeals and ultimately to the Sentencing Commission," which will facilitate appellate review and will "help the Guidelines constructively evolve over time, as both Congress and the Commission foresaw." *Id.* at 2469.

\* \* \*

Whether the court's brief explanation for this sentence sufficed or not, any potential error was not "plain." Although Congress requires a court to give "the reasons" for its sentence, 18 U.S.C. § 3553(c), *it does not say that courts must give the reasons for rejecting any and all arguments by the parties for alternative sentences.* The statute also distinguishes between within-guidelines sentences like this one and outside-guidelines sentences, requiring judges to give "the specific reason" for imposing an outside-guidelines sentence, 18 U.S.C. § 3553(c)(2), but imposing no similar requirement for within-guidelines sentences [under § 3553(c)(1)].

*Vonner*, 516 F.3d at 386-87 (emphasis added) (first and second alterations in original, third alteration added).

added).

26

Despite our holding in *Vonner*, the *Wallace* majority ruled that the district court clearly

violated § 3553(c)(1) because it failed to articulate its reason for rejecting the defendant's leniency

argument, specifically, that she should receive a lower sentence because her co-defendant played a

more significant role in their conspiracy to distribute oxycodone. 597 F.3d at 802. The *Wallace*

panel arrived at this conclusion because "[n]owhere in the sentencing hearing did the district judge

discuss why sentencing [the defendant] to twice as long as [her co-defendant] was appropriate[,]"

evidencing its failure to consider 18 U.S.C. § 3553(a)(6).[3] *Id.* at 803. In the majority's view, the

district judge's error was plain because he "was completely non-responsive to [her leniency]

argument[,]" clearly violating his statutory obligation to state in open court his reason for imposing

her particular sentence. *Wallace*, 597 F.3d at 803, 806-08; 18 U.S.C. § 3553(c)(1).[4]

Under the second prong of plain-error review, the appellant must demonstrate that the

purported error is either clear or obvious. In *Marcus v. United States*, 130 S. Ct. 2159 (2010), the

Supreme Court reaffirmed its interpretation of the plain-error doctrine:

> [Federal] Rule [of Criminal Procedure] 52(b) permits an appellate court to recognize
> a "plain error that affects substantial rights," even if the claim of error was "not
> brought" to the district court's "attention." Lower courts, of course, must apply the

---

[3] 18 U.S.C. § 3553(a)(6) requires the district court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" when fashioning the defendant's sentence.

[4] I note that Judge Clay wrote a detailed dissent in *United States v. Simmons*, 587 F.3d 348 (6th Cir. 2009), where the majority rejected his view that "[e]ven under the deferential plain-error standard, [a] district court's utter failure to address [a defendant's] patently nonfrivolous argument [for leniency] constitutes reversible error." *Id.* at 371. Nevertheless, and despite the panel's rejection of that view, his dissenting opinion in *Simmons* became the rationale of the *Wallace* decision. *See Wallace*, 597 F.3d at 805-808.

> Rule as this Court has interpreted it. And the cases that set forth our interpretation hold that an appellate court may, in its discretion, correct an error not raised at trial only where the appellant demonstrates that (1) there is an "error"; (2) the error is "clear or obvious, rather than subject to reasonable dispute"; (3) the error "affected the appellant's substantial rights, which in the ordinary case means" it "affected the outcome of the district court proceedings"; and (4) "the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."

*Marcus,* 130 S. Ct. at 2164 (third alteration in original) (internal citations omission).

Thus, a salient question presented in *Wallace* (and in the present case) – is whether the district judge's failure to explain his rejection of a nonfrivolous leniency argument when imposing a within-Guidelines sentence is a procedural error that is "subject to reasonable dispute." *Id.* (citation and internal quotation marks omitted). We need only review the recent case law in this circuit to answer this question in the affirmative. However, because the *Wallace* decision concludes that the district court's omission was a clear violation of 18 U.S.C. § 3553(c)(1), I begin my analysis with this statute.

There are two types of sentences under 18 U.S.C. § 3553(c) – a within-Guidelines sentence that exceeds twenty-four months, governed by § 3553(c)(1), and an outside-Guidelines sentence, which is governed by 18 U.S.C. § 3553(c)(2). Specifically, the statute provides:

> **(c) Statement of reasons for imposing a sentence**.--The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and, if the sentence --
>
> (1) is of the kind, and within the range, described in subsection (a)(4)[5] and that range exceeds 24 months, *the reason for imposing a sentence at a particular point within the range*; or

---

[5] 18 U.S.C. § 3553(a)(4) refers to the applicable, recommended Guidelines range.

> (2) is not of the kind, or is outside the range, described in subsection (a)(4), *the specific reason for the imposition of a sentence different from that described*, which reasons must also be stated with specificity in a statement of reasons form issued under section 994(w)(1)(B) of title 28, except to the extent that the court relies upon statements received in camera in accordance with Federal Rule of Criminal Procedure 32. In the event that the court relies upon statements received in camera in accordance with Federal Rule of Criminal Procedure 32 the court shall state that such statements were so received and that it relied upon the content of such statements.

18 U.S.C. § 3553(c) (emphasis added). In short, 18 U.S.C. § 3553(c) requires a sentencing court to provide an adequate explanation – a statement of its reasons – for imposing a particular sentence. The plain language of this statute raises a second, but equally important, question: is a district court's statutory obligation pursuant to 18 U.S.C. § 3553(c)(1) – to state in open court its reason for imposing an inside-Guidelines sentence exceeding 24 months – distinct from any duty it may have to articulate, for the record, its reason for rejecting a defendant's nonfrivolous argument for leniency? I conclude that it is.

Indeed, as we explained in *Vonner*, a sentencing court's statement of reasons under § 3553(c)(1) *may* overlap with its explanation for rejecting a particular leniency argument, but it does not *necessarily* overlap:

> Although Congress requires a court to give "the reasons" for its sentence, 18 U.S.C. § 3553(c), *it does not say that courts must give the reasons for rejecting any and all arguments by the parties for alternative sentences*. The statute *also distinguishes* between within-guidelines sentences like this one and outside-guidelines sentences, requiring judges to give "the specific reason" for imposing an outside-guidelines sentence, 18 U.S.C. § 3553(c)(2), but imposing no similar requirement for within-guidelines sentences.

*Vonner*, 516 F.3d at 387 (emphasis added).

The distinction we recognized in *Vonner* is directly supported by *Rita,* wherein the Supreme Court recognized that although § 3553(c) "does call for the judge to 'state' his 'reasons' . . . . we cannot read the statute (or our precedent) as insisting upon a full opinion in every case."  551 U.S. at 356.

> The appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon circumstances.  Sometimes a judicial opinion responds to every argument; sometimes it does not; sometimes a judge simply writes the word "granted," or "denied" on the face of a motion while relying upon context and the parties' prior arguments to make the reasons clear. The law leaves much, in this respect, to the judge's own professional judgment.

*Id.*

The *Rita* Court nonetheless observed that "a statement of reasons is important[,]" and a sentencing judge must "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Id.*  However, the Court deliberately stopped short of imposing the precise obligation now mandated by the majority in *Wallace* – requiring a district court to "*explicitly* address each nonfrivolous argument" when imposing a *within*-Guidelines sentence to show that it "'listened'" to the defendant's arguments for leniency (or its error is "plain.").  *Wallace*, 597 F.3d at 804 (emphasis added) (citation omitted).  In effect, the *Wallace* majority "insist[s] upon a full [sentencing] opinion in every case."  *Rita*, 551 U.S. at 356.  We have never required such rote sentencing procedure, especially when viewed through the lens of plain error.

In *Vonner*, we recognized that, consistent with § 3553(c)(1) and (2), the *Rita* decision acknowledges a distinction between within-Guidelines and outside-Guidelines cases:

30

> Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence, []the judge will *normally* go further and explain why he has rejected those arguments. Sometimes the circumstances will call for a brief explanation; sometimes they will call for a lengthier explanation. Where the judge imposes a sentence outside the Guidelines, the judge *will* explain why he has done so.

*Rita*, 551 U.S. at 357 (emphasis added); *Vonner*, 516 F.3d at 387.

When reviewing for procedural error that is plain, recognizing the difference between a within-Guidelines sentence and an outside-Guidelines sentence is critical. The *Wallace* majority, however, failed to appreciate this distinction when it erroneously extended our holding in *United States v. Blackie*, 548 F.3d 395 (6th Cir. 2008) to within-Guidelines cases.

In *Blackie*, the district court sentenced the defendant to 42 months of imprisonment, an outside-Guidelines sentence under § 3553(c)(2), "without [ever] indicating that the sentence was outside the Guidelines range or [explaining] the court's specific reasons for [its] variance." 548 F.3d at 398, 401. Accordingly, we held that the sentencing court's failure to comply with § 3553(c)(2) was clear error because "[g]iven the *clarity* of § 3553(c)(2), the district court *plainly* erred when it did not refer to the applicable Guidelines range and failed to provide its specific reasons for [the] upward departure or variance at the time of sentencing[.]" *Id*. at 401 (first, second, and third alterations in original). Our holding in *Blackie* required the district court to comply with its statutory obligation to provide a specific reason for its imposition of an outside-Guidelines sentence. We did *not* hold that the district court's error was clear because it failed to explain why it rejected any and all of the defendant's arguments for leniency. The type of sentencing error committed in *Blackie* was not present in *Wallace* (nor is it present in the instant case).

31

We must be mindful that we are applying a deferential standard of review and may reverse

an otherwise reasonable sentence only under "exceptional circumstances . . . where the error is so

plain that the trial judge . . . [was] derelict in countenancing it." *United States v. Carroll*, 26 F.3d

1380, 1383 (6th Cir. 1994) (citation and internal quotation marks omitted); *see also, Brissett*, 2010

WL 1640934, at *3 (we apply a rebuttable presumption of reasonableness to cases involving

within-Guidelines sentences). A sentencing court's purported obligation to explicitly address each

nonfrivolous leniency argument when imposing a within-Guidelines sentence is not mandated by 18

U.S.C. § 3553(c)(1), by the Supreme Court's decision in *Rita,* or the controlling law of this circuit

(*Vonner, Petrus*, *Lapsins*, *Mayberry*, and *Madden*), but, nonetheless, the *Wallace* majority proclaims

clear procedural error where there is no such clarity in our case law.

According to the Supreme Court's decision in *Marcus*, an error is not plain when it is subject

to reasonable debate. In this regard, the majority in *Wallace* acknowledged that the purported

procedural error was not so clear or obvious at all:

> We acknowledge that this issue is frequently litigated, and we have often rejected
> similar challenges. A general sense of deference to district courts on sentencing leads
> us to affirm sentences where the district judge has failed to fully explain the reason
> for the sentence. *See, e.g., Petrus*, 588 F.3d at 356 (affirming sentence where judge
> addressed arguments "in a bare-bone fashion."); [] *Simmons,* 587 F.3d [at 361]
> (affirming sentence with little comment from the district court where issue is
> "conceptually straightforward such that we may assume, even absent express analysis
> by the judge, that the sentence reflects consideration of the argument," and the
> argument was purely legal, not factual) (citation and quotation omitted); *United
> States v. Duane,* 533 F.3d 441, 453 (6th Cir. 2008) (affirming sentence where district
> court did not respond to a nonfrivolous argument because "the district court imposed
> a within-Guidelines sentence, addressed the factors it found relevant, and addressed
> the majority of [Defendant's] arguments"); [] *Lapsins,* 570 F.3d [at 774] (affirming
> sentence where the district court did not specifically respond to Defendant's
> arguments because it stated "that it had accounted for the 'nature and circumstances'

of the offense and the history and the characteristics of [Defendant]"); *but see* []
*Blackie,* 548 F.3d [at 401] (finding the district court "*plainly* erred when it did not
refer to the applicable Guidelines range and failed to provide its specific reasons for
an upward departure or variance at the time of sentencing); *United States v.
Barahona-Montenegro,* 565 F.3d 980, 984 (6th Cir. 2009) (remanding for
resentencing where the "district court's oral sentence fail[ed] to calculate clearly the
appropriate Guidelines range, but also [did not] adequately explain the chosen
sentence"); *United States v. Thomas,* 498 F.3d 336, 341 (6th Cir. 2007) (remanding
for resentencing on review for reasonableness where Court was "unsure as to whether
the district court adequately considered and rejected [Defendant's] arguments
regarding proper application of the § 3553(a) factors or whether it misconstrued,
ignored, or forgot [Defendant's] arguments); *United States v. Johnson,* 488 F.3d
690, 700 (6th Cir. 2007) (remanding when Court was "unable to point to anything in
the record to confirm" the Court's view that district court understood its discretion
and the need to consider the § 3553(a) factors).

*Wallace*, 597 F.3d at 805-06.

As noted in Section I of this dissent, the record in the present case reveals that the sentencing

judge listened and considered, but ultimately rejected, Pritchard's low-risk-of-recidivism argument.

Although the majority disagrees, the procedural sentencing error, if any, in the present case (and in

*Wallace*) is neither clear nor obvious because the alleged error is subject to reasonable dispute.

Therefore, by definition, the error, if any, is not plain error. *See Marcus*, 130 S. Ct. at 2164.

B.

Finally, the *Wallace* majority erred by expanding our holding in *Blackie* to a defendant's

substantial rights regarding a within-Guidelines sentence:

The Court in *Blackie* held that a violation of § 3553(c)(2), which deals with sentences
outside the guidelines, affected a defendant's substantial rights. **The logic applies
with equal force to claims under § 3553(c)(1), and the other circuits that the
*Blackie* court relied on had made no differentiation between the subparts of §
3553(c)**. *See United States v. Lewis*, 424 F.3d 239, 247 (2d Cir. 2005) (holding that
"Section 3553(c) bestows on defendants the right to argue more effectively that . . .
a sentence is 'reasonable.' This right seems to us clearly to be 'substantial.'"); *In re*

*Sealed Case*, 527 F.3d 188, 193 (D.C. Cir. 2008) (following the Second Circuit in holding that "failure to provide a statement of reasons as required by § 3553(c) is plain error, even when the length of the resulting sentence would otherwise be reasonable") (citation and quotation omitted).

*Wallace*, 597 F.3d at 806-07 (emphasis added).[6]

However, we afford within-Guidelines sentences a rebuttable presumption of reasonableness that outside-Guidelines sentences, such as the sentences in *Blackie*, *Lewis*, and *In re Sealed Case,* do not enjoy. *See Brissett*, 2010 WL 1640934, at *3. This presumption "reflects the fact that, by the time an appeals court is considering a within-Guidelines sentence [], *both* the sentencing judge and the Sentencing Commission [] have reached the *same* conclusion as to the proper sentence in the particular case. That double determination significantly increases the likelihood that the sentence is a reasonable one." *Rita*, 551 U.S. at 347.

The Supreme Court has held that, for an appellant to satisfy the third prong of plain-error review, she must demonstrate that the error affected her substantial rights. *Marcus*, 130 S. Ct. at 2164. "In the ordinary case, to meet this standard an error must be 'prejudicial,' which means that

---

[6]Contrary to the majority's assertion, *United States v. Lewis*, 424 F.3d 239 (2d Cir. 2005), and *In re Sealed Case*, 527 F.3d 188 (D.C. Cir. 2008), involved the appellate courts' review of outside-Guidelines sentences imposed pursuant to deficient statements of reason in violation of 18 U.S.C. § 3553(c)(2). *Lewis*, 424 F.3d at 245 ("Section 3553(c)(2) applies to the sentencing in this case, as the government concedes, because, *inter alia*, the section refers to sentences outside the ranges that are suggested by the Sentencing Commission[.]"); *In re Sealed Case*, 527 F.3d at 193 ("[t]he fact that eighteen months is twice the Guidelines maximum matters because § 3553(c)(2) requires not just a statement of reasons, and not just a written statement of reasons, but a statement explaining the reason for a departure from a guideline or policy statement "with specificity"). Thus, like *Blackie*, both *Lewis* and *In re Sealed Case* stand for the proposition that a deficient statement of reasons affects a defendant's substantial right for meaningful appellate review when imposing an *outside*-Guidelines sentence governed by § 3553(c)(2).

there must be a reasonable probability that the error affected the outcome" of the sentencing proceedings. *Marcus*, 130 S. Ct. at 2164. *See United States v. Wilson*, No. 08-1963, 2010 WL 2802730, at *3 (6th Cir. July 19, 2010) ("A sentencing error affects a defendant's substantial rights when there is a reasonable probability that, but for the error, she would have received a more favorable sentence."); *United States v. Baker*, 559 F.3d 443, 454 (6th Cir. 2009) ("It is apparent from the record that there was a reasonable probability defendant would have received a more favorable sentence."); *United States v. Gonzales-Castillo*, 562 F.3d 80, 83 (1st Cir. 2009) ("[I]n terms of substantial rights, this prong of the plain error analysis translates, in the sentencing context, into the requirement of a reasonable probability that, but for the error, the district court would have imposed a different, more favorable sentence." (citation and internal quotation marks omitted)). In *Wallace*, neither the majority nor the defendant put forth any factors to overcome the appellate presumption of reasonableness afforded by her within-Guidelines sentence. The defendant failed to show that the district court's error, if any, affected her substantial rights because there was nothing in the record to indicate that the district court would have imposed a different sentence. Thus, although she allegedly demonstrated procedural error, she did not show a violation of a substantive right.

Judge McKeague, concurring in part and dissenting in part in *Wallace*, reached the same conclusion:

> Although the district judge did not explain *why* he was not sympathetic with Wallace's disparity argument – apart from saying that it did not represent an objectively reasonable basis for departure from the Guidelines range – it can hardly be argued that he was oblivious to the argument or inadvertently overlooked it, such that he would likely impose a different sentence if he were required to explain on remand. *There is no suggestion that the district judge left the bench, fell asleep, or was otherwise distracted from hearing the argument.* Considering the simplicity and

35

straightforwardness of Wallace's argument, it is clear that the district court considered it and intentionally rejected it.

\* \* \*

The district court imposed a sentence within the Guidelines range. By observing that it had been presented with no objectively reasonable basis for departing from the Guidelines range, the district court implied its agreement with the Sentencing Commission's determination of the appropriate sentence. The disparity objection asserted by Wallace was conceptually simple. The record shows that the court listened to the argument and considered the supporting evidence, and was fully aware of Wallace's history and characteristics and took them into account. Under such circumstances, a lengthy explanation was not required. And finally, even if the explanation were so deficient as to frustrate meaningful review and therefore constitute procedural error, Wallace has fallen far short of carrying *her* burden of demonstrating that the error prejudiced her substantial rights and rendered the sentencing proceeding fundamentally unfair.

\* \* \*

There is no manifest reason to believe Wallace's substantial rights (as opposed to her technical procedural rights) were affected by the district court's failure to make explicit what was so obviously implicit that Wallace and her attorney did not even bother to object, despite having been given two opportunities to do so. Moreover, inasmuch as Wallace has not shown that her substantial rights were affected, it follows that she has also failed to show that the lack of explanation impugned the "fairness, integrity or public reputation" of the sentencing proceeding.

\* \* \*

This conclusion is supported by the en banc court's reasoning in *Vonner*, where we noted that the district court did not specifically address all of Vonner's arguments and thus failed to ensure that Vonner, the public, and the court of appeals understood why it picked the sentence it did. *Vonner*, 516 F.3d at 386. Nevertheless, this was held not to constitute remediable "plain error."

*Wallace*, 597 F.3d 810-12 (emphasis added) (first and third alterations in original) (some internal

citations removed).

I agree with Judge McKeague's dissent and would hold that *Vonner* controls the present case and should have controlled *Wallace*.

III.

For these reasons, I respectfully dissent. I would affirm the procedural and substantive reasonableness of Pritchard's sentence.[7]

---

[7]Pritchard has not raised a colorable argument attacking the substantive reasonableness of his within-Guidelines sentence. *See In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 901 (6th Cir. 2009) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived[.]") (citing *Phinazee*, 515 F.3d at 520).